# Alexandria

## DORIS M. SRINIVASAN

v

## CHITOOR V. SRINIVASAN

No. 0342-89-4

Decided August 28, 1990

COUNSEL

Alan B. Plevy (Sandground, Smolen, Barondess, West & Plevy, on brief), for appellant.

J. Patrick McConnell (Odin, Feldman & Pittleman, on brief), for appellee.

OPINION

**MOON, J.**—Doris M. Srinivasan and Chitoor V. Srinivasan both seek reversal of a final divorce decree denying each a monetary equitable distribution award. Doris M. Srinivasan also appeals the failure of the trial court to award her spousal support, attorney's fees and costs. We hold that the trial court did not abuse its discretion in not making a monetary award in favor of Mrs. Srinivasan and did not err in refusing to award Mrs. Srinivasan's attorney's fees and costs. However, we hold that the trial judge erred in imputing $33,000 income to her as of the date of the divorce and refusing to make a spousal support award. Because the case is to be remanded for other reasons, the trial court may determine if the final order as entered was in accordance with the

court's intention insofar as the equitable distribution of property to Mr. Srinivasan is concerned.

Mr. and Mrs. Srinivasan, both fifty-five years old, separated in 1986 after twenty-five years of marriage. At the time of the separation, both their two children had reached their majority — ages twenty-three and nineteen. Mrs. Srinivasan was in good physical and mental condition, but Mr. Srinivasan had recently suffered two minor strokes.

The couple met and married while both were graduate students. Mr. Srinivasan received his Ph.D. two years after the marriage. Beginning in 1963 the family lived in New Jersey, where Mr. Srinivasan was a tenured professor at Rutgers University. Mrs. Srinivasan received her Ph.D. after six years of marriage and in 1974 obtained a full-time teaching position in Fairfax, Virginia, at George Mason University. When she got her teaching position the family moved from New Jersey to Fairfax. Mr. Srinivasan commuted weekly to his full-time job at Rutgers, a distance of 220 miles each way. To save money, he lived in his office from 1978 until 1981, when his employer would not allow him to continue living there. Then he rented a room. At the time of the hearing, Mr. Srinivasan also had in the Washington area a part-time position that he held for seven years in addition to his full-time employment.

Mrs. Srinivasan did not obtain tenure at George Mason University and lost her full-time teaching position. Afterwards, between 1981 and 1986, the family discussed moving their primary residence back to New Jersey. Both parties had part-time jobs in the District of Columbia area, and Mrs. Srinivasan refused to move and commute from New Jersey. In 1983, Mrs. Srinivasan, without telling her husband, began segregating funds by placing money in a bank account in her name and the name of a third party.

Mrs. Srinivasan considers herself to be a student and a teacher. During the marriage, from June through August, 1987, she pursued a fellowship in Pakistan. On another occasion, she studied in Europe for a summer on a fellowship, which still cost the family eight or nine thousand dollars. On yet another occasion she received a grant to visit museums throughout the United States, and that project cost the family an additional three thousand dollars. She also spent a year in India on a fellowship, accompanied by the

husband and children. The husband accompanied his wife and cared for the children during the wife's European, United States museum, and Indian experiences.

Although the divorce was awarded to her on the ground of her husband's adultery in 1987, the trial court found that Mrs. Srinivasan bore the major responsibility for the breakdown of the marriage. Further, the trial court found that Mr. Srinivasan made "enormous sacrifices" for his wife that diminished his own career opportunities. To effect an equitable distribution of their marital property, the trial judge ordered the parties to transfer title to marital property in their joint names to one another's sole name. The husband received a Princeton, New Jersey home having an equity of $220,000, which when sold is subject to a tax liability of $91,783. He also received an IRA account of $2200, his pension valued at $202,940, a $10,496 interest in a Somerset, New Jersey house, and separate furnishings of $9,500. His pension at the time of separation had a value of $159,143. Separate property had been paid into the pension between the time of separation and the time of hearing.

The wife received a home in Fairfax having an equity of $167,800, household furnishings of $34,920, an IRA account of $6,500, and a savings and loan account of $6,000. She had a Merrill Lynch money market account in the sum of $216,186. The source of approximately $190,000 in the Merrill Lynch account was a gift from the wife's mother approximately one year prior to the separation. Approximately $27,000 of marital funds had been placed into the same account by the wife and thus the total account was transmuted into marital property under the holding of *Smoot v. Smoot*, 233 Va. 435, 357 S.E.2d 728 (1987). The wife also had separate property — stocks and funds — having a value of approximately $13,000. Both husband and wife received automobiles of approximately equal value.

The trial judge opined in his letter preceding the decree that Mr. Srinivasan was receiving $33,000 more of the marital property than the wife. The decree, however, fails to take into account the tax liability on the New Jersey property, which means that Mr. Srinivasan received about $91,783 less than the judge stated in his written opinion that he intended Mr. Srinivasan receive.

Mrs. Srinivasan maintains that the court, rather than making an equitable distribution of the property, essentially divided the marital property between the parties by leaving each with an equal sum. By her calculations, the husband received $435,636 in marital property and she received $437,406. One of her major complaints is that the court failed to give due consideration to the source of funds in her Merrill Lynch money market account. She argues that, had the court given due consideration, she would have received an award from the husband of over $100,000, in recognition of the fact that the money in that account came principally from her mother, and although technically transmuted into marital property, the husband should not have benefited therefrom.

■ It is true that the source of funds is a factor that the court should consider in making an equitable distribution award. Code § 20-107.3(E)(6). The source of funds is a particularly significant factor where funds have been transmuted because of the application of the *Smoot* rule. *See Lambert v. Lambert*, 6 Va. App. 94, 103-04, 367 S.E.2d 184, 189-90 (1988).

Mrs. Srinivasan's second complaint is that the court gave her no part of her husband's pension, which he would receive in about seven years. The pension is marital property and as such must be considered in making an award. *Sawyer v. Sawyer*, 1 Va. App. 75, 79, 335 S.E.2d 277, 280 (1985).

■ Fashioning an equitable distribution award lies within the sound discretion of the trial judge and that award will not be set aside unless it is plainly wrong or without evidence to support it. The trial judge is not required to make an equitable distribution award unless equity requires it. *See Rexrode v. Rexrode*, 1 Va. App. 385, 339 S.E.2d 544 (1986).

■ Because of the unique circumstances of this case, we find no abuse of discretion in shaping this division of the marital property. The husband worked under a hardship throughout the marriage, most of the time holding two jobs, and sacrificing his own lifestyle and career opportunity so that the wife could pursue her career and education. The husband was deprived not only of the physical comforts of life but also of the company of his family. The wife, who was able during much of the marriage to contribute to the financial support of the family, continued to receive education more for self fulfillment than for the future financial support of

the family. Mrs. Srinivasan did contribute substantially to the raising of the children; however, she also pursued the lifestyle that she wished at the expense of her husband. The court found that Mr. Srinivasan contributed approximately eighty percent of the financial support of the family during the marriage. We have previously held that, where one party contributes substantially more to a marriage financially, the court may in its discretion, in weighing and balancing all of the factors in Code § 20-107.3, give appropriate weight to that factor and make a greater award to the party contributing the most financially. *See Zipf v. Zipf*, 8 Va. App. 387, 393 n.2, 382 S.E.2d 263, 266 n.2 (1989); *see also Aster v. Gross*, 7 Va. App. 1, 371 S.E.2d 833 (1988). Thus, even if the court did not make an award to Mrs. Srinivasan in obvious recognition of the source of the funds in the money market account, the trial judge did not abuse his discretion by failing to do so. The decree gave the husband and wife each approximately fifty percent of total marital assets. Had the trial judge specifically returned the approximately $190,000 to the wife, the husband would have received thirty-nine percent and the wife sixty-one percent. If, on the other hand, the court had made a distribution making obvious a recognition of the husband's $91,783 tax liability, the husband's share would have been fifty-five percent and the wife's forty-five percent. Under the facts, we would hold neither alternative to be an abuse of discretion.

While the court was required to consider the pension as marital property, the judge was not required to award the wife any part of it so long as the overall distribution of the marital property was equitable. It is clear from the opinion of the trial judge that he considered the pension marital property but made provisions for the wife from marital property other than the pension.

The trial judge in his written opinion stated that by his decision the husband would receive $33,000 more in marital property than the wife. The parties agree that the decree does not carry out this intent of the trial judge because in the final analysis the tax liability of $91,783 on the New Jersey property was not taken into account. The husband contends that we should reverse and order an approximately $69,000 monetary award to the husband to fulfill the intent of the trial judge. Because the case is to be remanded for other reasons, we will leave to the trial court to consider what, if any, change should be made to effectuate the intent of its

decision.

We turn next to the failure of the trial judge to make a spousal support award in favor of the wife. In refusing to make a spousal support award in favor of the wife, the court imputed to her an income of $33,000 based upon what the court found she could be earning if she would work as a research grant analyst or teach, as she was qualified to do. The court noted that she is an expert in oriental studies, concentrating in Indian art and religion, with a knowledge of the Sanskrit language.

A court may under appropriate circumstances impute income to a party seeking spousal support. This conclusion logically flows from the principle that one who seeks spousal support is obligated to earn as much as he or she reasonably can to reduce the amount of the support need. *See Baytop v. Baytop*, 199 Va. 388, 394, 100 S.E.2d 14, 19 (1957). A spouse may not choose a low paying position that penalizes the other spouse. *See Butler v. Butler*, 217 Va. 195, 227 S.E.2d 688 (1976). Code § 20-107.1 directs the trial court to consider as a factor, in setting the amount of spousal support, the earning capacity of the "parties." A plain meaning of the word "parties" indicates that the legislature intended to include the earning capacity of the payee spouse as well as the payor. *See McGuire v. McGuire*, 10 Va. App. 248, 251, 391 S.E.2d 344, 347 (1990).

On appeal we must construe the evidence on this issue in the light most favorable to Mr. Srinivasan. Mrs. Srinivasan is 55 years old. She earned a Ph.D. degree but her academic career never came to complete fruition. Although she taught at George Mason University for a number of years, she did not obtain tenure and lost that full-time employment in 1982. At the date of the hearing she was earning $365 per month teaching one course at George Washington University. She is fluent in French and German. The finding that she could teach or obtain a position as a research grant analyst at $33,000 per year was based upon expert testimony of Jean Mona of the Dunhill Personnel System, an employment agency. Ms. Mona specialized in technical and professional placement. She testified as to the availability of GS-11 and 12 positions as a grant reviewer for the Endowment for the Humanities, paying from $34,058 to $44,957 per year. Mr. Srinivasan identified three job openings with the National Endowment for the Humanities. He said that his wife refused to pursue

a Ford Foundation position in India that paid $50,000 per year. Thus, the evidence supports a finding that Mrs. Srinivasan is capable of earning $33,000 per year.

■ Previously, however, we have held that the court, in setting support awards, must look to current circumstances and what the circumstances will be "within the immediate or reasonably foreseeable future," not to what may happen in the future. *See Young v. Young*, 3 Va. App. 80, 81-82, 348 S.E.2d 46, 47 (1986). Mrs. Srinivasan, at the time of divorce, was leading the life style she was accustomed to during the marriage. We conclude that the evidence did not support a finding that she had unreasonably refused to accept employment as of the date of divorce and she was thus entitled to a reasonable time to secure employment. If, however, after a reasonable time she unreasonably refuses to seek or accept employment, the imputation of an amount of income would become justified. Thus, the trial court should not have decided, under the present circumstances, as a matter of law, that the wife was not entitled to support. Furthermore, even if at the time of hearing she was not in need of support, she was at least entitled to have the court retain jurisdiction over support, in the event that she should need support in the future. *See Blank v. Blank*, 10 Va. App. 1, 4-5, 389 S.E.2d 723, 725 (1990). A reservation must be made if requested. *Id.*

Therefore, we remand this case to the trial court for reconsideration of the spousal support award in light of current circumstances, or a reservation of the right to a spousal support award, consistent with the holding in this opinion and for any correction, if necessary, with regard to Mr. Srinivasan's equitable share of the marital property.

*Affirmed in part,*
*reversed in part,*
*and remanded.*

Keenan, J., and Willis, J., concurred.