COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Coleman and Willis

BOBBY R. THACKER

                                   MEMORANDUM OPINION[*]

v.   Record No. 0371-97-1                PER CURIAM

                                      JULY 29, 1997

SANDRA M. THACKER

FROM THE CIRCUIT COURT OF YORK COUNTY
N. Prentis Smiley, Jr., Judge

(Timothy S. Fisher; Overman, Cowardin &
Martin, on brief), for appellant.

(Kenneth B. Murov; Jones, Blechman, Woltz &
Kelly, on brief), for appellee.


Bobby R. Thacker (husband) appeals the decision of the circuit court judge awarding spousal support to Sandra M. Thacker (wife) and deciding other issues.  Husband contends that the trial judge erred by (1) denying his claim for reimbursement for marital debts he paid, (2) failing to consider the provisions of Code § 20-107.1 when setting spousal support and specifically failing to impute income to wife, and (3) improperly considering future factors when awarding spousal support.  Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit.  Accordingly, we summarily affirm the decision of the trial court.  Rule 5A:27.

---

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

## Marital Debts

The trial judge ruled that husband failed to prove that he used separate property to pay $35,290 in marital debts. Specifically, the judge noted that "[h]usband testified that his expenditures were from joint marital assets to cover joint marital debt, wherein the parties mutually benefitted from their use." Thus, the record establishes that the payments were made from marital assets. In addition, some debts were gifts voluntarily made for the parties' children. The trial judge "made extensive inquiry" into husband's claim that he used separate funds to pay marital debts and his decision is supported by the record.

## Spousal Support

"The determination whether a spouse is entitled to support, and if so how much, is a matter within the discretion of the court and will not be disturbed on appeal unless it is clear that some injustice has been done." Dukelow v. Dukelow, 2 Va. App. 21, 27, 341 S.E.2d 208, 211 (1986). Husband contends that the trial judge erred by failing to consider the statutory factors set out in Code § 20-107.1, and specifically failing to impute any income to wife. The trial judge considered the evidence relative to the statutory factors and ruled that wife was entitled to support. These findings are supported by evidence.

"A court may under appropriate circumstances impute income to a party seeking spousal support." Srinivasan v. Srinivasan,

10 Va. App. 728, 734, 396 S.E.2d 675, 679 (1990). However, the trial judge may allow a party a reasonable amount of time within which to seek and obtain employment before imputing income. See id. at 735, 396 S.E.2d at 679-80. The record demonstrates that wife left a job that she held for twenty years because her supervisor abused her and reduced her salary by $10,000. Wife's testimony concerning the working conditions was corroborated by a fellow worker. Wife testified that she discussed the situation with husband before quitting her job. Wife obtained a new job at a reduced salary. Wife testified that her current salary was $1,125 and her monthly expenses totaled $1,956.

Although the trial judge found that wife was capable of earning $25,000 to $30,000 per year, the trial judge found that presently wife earned substantially less. The trial judge also found that the amount of spousal support was subject to change if the wife did not make an effort to increase her income. The record establishes that the trial judge considered the evidence and the parties' relative earnings and financial needs in setting support. We find no abuse of discretion in the trial judge's refusal to impute additional income to wife at this time.

Finally, husband also contends that the trial judge erroneously relied upon future circumstances in setting spousal support. We disagree. The trial judge's recognition that wife's current employment was below the maximum she was capable of earning, based upon her past salary level, did not preclude an

3

award of support based upon her current circumstances under the statutory factors set out in Code § 20-107.1.  Similarly, the trial judge's recognition that, given additional time to conduct a search, wife might find a job with a comparable salary, did not make its current award of support less permanent.  We find no indication that the trial judge erroneously considered events in the future as the basis for the current award of spousal support.

Accordingly, the decision is summarily affirmed.

Affirmed.