COURT OF APPEALS OF VIRGINIA

Present: Judges Bray, Annunziata and Overton

SUSAN C. LATUCHE

v.   Record No. 3145-96-2

RANDALL A. LATUCHE, SR.

MEMORANDUM OPINION*
PER CURIAM
AUGUST 26, 1997

FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Herbert C. Gill, Jr., Judge

(Thomas O. Bondurant, Jr.; Bondurant &
Benson, on brief), for appellant.

(James M. Goff II, on brief), for appellee.


Susan C. Latuche (wife) appeals the decision of the circuit court. Wife contends the trial court erred by (1) failing to award her the marital residence or allowing her to occupy the marital residence until the parties' youngest child reaches majority; and (2) failing to award sufficient spousal support for wife to retain the financial position she occupied during the marriage. Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. Rule 5A:27.

## Marital Residence

Wife sought an award of the marital residence in lieu of spousal support. The trial court ordered that the marital residence be sold. The uncontroverted evidence established that

---

*Pursuant to Code § 17-116.010 this opinion is not designated for publication.

the marital residence was jointly owned marital property and was subject to joint marital debts in the form of tax liens. The evidence also established that the sale of the marital residence would eliminate the majority of the parties' joint debts.

"Fashioning an equitable distribution award lies within the sound discretion of the trial judge and that award will not be set aside unless it is plainly wrong or without evidence to support it." Srinivasan v. Srinivasan, 10 Va. App. 728, 732, 396 S.E.2d 675, 678 (1990). Under Code § 20-107.3(C), the trial court was authorized to order the parties to sell the jointly owned marital residence in order to reduce their marital debt. While wife sought to remain in the marital residence for the next eight years, she admitted that the home was in danger of foreclosure at least one time; that she earned $85 a week but that she worked sporadically and only approximately twenty hours a month; that she did not want to work full time while her children were in school; and that her oldest child was fifteen and was the first one home from school. We cannot say that the trial court abused its discretion in ordering the sale of the parties' only significant asset to eliminate their joint debts.

Spousal Support

Wife framed her challenge to the award of spousal support as based upon its inadequacy compared to her financial status during the marriage. Wife's argument, however, asserts without specificity that the trial court failed to consider the statutory

2

factors when determining the amount of spousal support.[1]

> Although the appellant argues that the trial court did not consider all of the statutory factors, [her] brief fails to identify which factors were not considered and how they would have affected the trial court's determination.  Since this argument was not fully developed in the appellant's brief, we need not address this question.  Statements unsupported by argument, authority, or citations to the record do not merit appellate consideration.  We will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief.

Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992) (citation omitted).

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.

---

[1]While wife cites Code § 20-107, which was repealed in 1982, we assume she refers to Code § 20-107.1, which contains the statutory factors relevant to an award of spousal support.