COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Fitzpatrick, Judges Elder and Overton
Argued at Richmond, Virginia


DOROTHY M. MOSES
                                    MEMORANDUM OPINION[*] BY
v.         Record No. 1426-97-2     JUDGE NELSON T. OVERTON
                                         MARCH 3, 1998
WILLIAM J. MOSES


            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                      Randall G. Johnson, Judge

            Joseph E. Blackburn (White, Blackburn &
            Conte, P.C., on brief), for appellant.

            Deanna D. Cook (Murray J. Janus; Bremner &
            Janus, on brief), for appellee.



     Dorothy M. Moses (wife) appeals a decree granting her a

divorce a vinculo matrimonii from William J. Moses (husband).

She contends the trial court erred by:  (1) ruling that an

interest in certain realty was not a gift, (2) ordering her to

reconvey that interest back to husband and (3) ordering

prospective division of the payments on a promissory note found

to be marital property.  Husband cross-appeals the trial court's

finding that the promissory note was marital property.  Because

the parties' arguments are without merit, we affirm.

     Two properties form the basis for this appeal:  4338

Chamberlayne Avenue (hereinafter "Chamberlayne") and 2908

Idlewood Avenue (hereinafter "Idlewood").  The parties agree that

disposition of these properties was governed by their pre-marital

─────────────────
     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

agreement. The agreement provides <u>inter</u> <u>alia</u> that property held before the marriage and the proceeds of the sale or exchange of such property is separate property not subject to equitable distribution upon divorce. A schedule of these properties was attached to the agreement. Chamberlayne is listed on the schedule as husband's separate property. Idlewood is not listed because it was purchased during the marriage with proceeds of separate property.

The parties disposed of both Chamberlayne and Idlewood during the marriage. A life estate in Chamberlayne was sold with a reversionary interest in husband and wife retained. Idlewood was sold in fee simple in exchange for a promissory note secured by a Deed of Trust on the property. The note was payable to both parties jointly.

The trial court originally found that, under the terms of the agreement, the properties were separate because Chamberlayne predated the marriage and Idlewood was purchased with funds predating the marriage. However, because husband asserted in his Answer and Cross-Bill that wife "fraudulently coerced [husband] into giving her substantial gifts [and] interests in real estate," the trial court allowed wife to prove the properties were gifts and husband to prove they were made under fraud or coercion.

At the subsequent hearing, wife produced husband's answer to her interrogatory asking to what gifts he referred in his Answer

and Cross-Bill.  In his answer, he stated that "one-half interest in a note from 2908 Idlewood Avenue" was such a gift.  Because husband failed to show the gift was obtained under fraud or coercion, the trial court found the gift of Idlewood to be a modification of the agreement.  Therefore, the trial court awarded her fifty percent of the payments on the Idlewood note, payable from the time of the divorce decree.  Wife could not, however, show that Chamberlayne was a gift so it remained the separate property of husband.

Wife first contends that husband was bound by the statement in his pleadings that he gave wife "interests in real estate."  She asserts that this statement is inconsistent with his later claim that Chamberlayne was not a gift.  Therefore, under wife's argument, he would be estopped from taking that position.  See Burch v. Grace Street Building Corp., 168 Va. 329, 340, 191 S.E. 672, 677 (1937).  Her definition of the word "inconsistent" is an interesting one indeed.  Husband's statement in his pleading was that he had made gifts of real estate.  Wife interprets this to mean that all of his real estate was a gift.  Yet husband did not plead that all of his real estate was a gift, only that some of it was.  Therefore, his claim that Chamberlayne and Idlewood are among the realties which were not gifted is not inconsistent, and he was properly allowed to rebut wife's evidence on the matter.

Wife next asserts that the trial court erred when it placed the burden to prove a gift upon her.  She notes that the parties

waived application of Code § 20-107.3 by the express terms of their agreement and, therefore, the burden of proving a gift is not on the donee, but the donor.  See Theismann v. Theismann, 22 Va. App. 557, 565 n.1, 471 S.E.2d 809, 813 n.1 (1996), aff'd on reh'g en banc, 23 Va. App. 697, 479 S.E.2d 534 (1996).  However, she ignores the language of the rest of the agreement.  The agreement clearly states that "property identified on the attached schedule is property acquired before by each respective party prior to the marriage and shall be deemed separate property."  Chamberlayne is so identified.  The agreement further provides that "each party shall remain the exclusive owner of his or her own separate property free from any claim or demand of the other in the event of . . . divorce."  Therefore, under the agreement, the property was presumed to be separate unless wife could show that husband had given it to her as a gift.  Husband's uncontradicted testimony was that he re-titled Chamberlayne as a form of estate planning in case he should die while the parties were still married.  Because there is sufficient evidence to support the trial court's conclusion that Chamberlayne remained the separate property of husband, we affirm that ruling.  See Gamer v. Gamer, 16 Va. App. 335, 345, 429 S.E.2d 618, 625 (1993).

Wife next contends that the trial court did not have authority to order wife to deed her purported interest back to husband.  We are faced with the rather novel problem presented where property has been determined to be separate, but it is

- 4 -

currently titled in the names of both parties.  Where law creates a question, however, equity often answers it.

Code § 20-107.3(C) states that "the court shall have no authority to order the division or transfer of separate property."  Therefore, the order of the trial court directing wife to transfer her reversionary interest back to husband flows not from the statute.  However, courts can order property transferred in equity "where [property] has been fairly and properly acquired, but it is contrary to the principles of equity that it should be retained, at least for the acquirer's own benefit."  See Woolley v. Woolley, 3 Va. App. 337, 342, 349 S.E.2d 442, 425 (1986) (citing Leonard v. Counts, 221 Va. 58, 589, 272 S.E.2d 190, 195 (1980)).  The issue before us now is just such a case.  The parties, through their agreement, did not intend for wife to retain legal title to the property.  Yet the court could not have transferred the property directly through its own order.  Therefore, when the trial court ordered wife to "sign whatever documents are necessary to convey any reversionary interest she may have of record" it did not do so under Code § 20-107.3, but through its equity power.  If in the future wife fails to comply with the court's order, it may impose a constructive trust, order a commissioner in chancery to sign the deed or take whatever steps may be necessary in equity to secure husband's interest in Chamberlayne.  See Gifford v. Dennis, 230 Va. 193, 335 S.E.2d 371 (1985).

Wife's final contention is that the trial court erred by ordering husband to begin paying wife her share of the Idlewood promissory note payments only from the date of the divorce decree forward. "Fashioning an . . . award lies within the sound discretion of the trial judge and that award will not be set aside unless it is plainly wrong or without evidence to support it." Srinivasan v. Srinivasan, 10 Va. App. 728, 732, 396 S.E.2d 675, 678 (1990). The trial court found the payments preceding entry of the order had gone to expenses of the former marital estate. It, therefore, chose to discount them and make payments prospective only. Because we cannot say that the trial court abused its discretion, we affirm its decision.

Husband's only contention on appeal is that the trial court erred when it found Idlewood to have been a gift. The trial court noted in its opinion that husband admitted in his answer to interrogatories that he had given Idlewood to wife as a gift. It similarly found that husband had failed to prove that the gift was procured by fraud or coercion due to the fact that husband did not present any evidence whatsoever on that issue. It, therefore, found the gift valid and ordered husband to pay wife her share of the proceeds of the note. Because the court did not abuse its discretion, we affirm. Id.

For the forgoing reasons, the decision of the trial court is affirmed.

Affirmed.