COURT OF APPEALS OF VIRGINIA


Present:    Judges Elder, Haley and Senior Judge Annunziata
Argued at Alexandria, Virginia


DIANA H. BECKER

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1172-06-4              JUDGE ROSEMARIE ANNUNZIATA
                                                         APRIL 3, 2007
FRANK J. BECKER


                FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                                David T. Stitt, Judge

            Paula W. Rank (Paula W. Rank Family Law & Mediation, PLC, on
            brief), for appellant.

            Susan M. Hicks (The Susan Hicks Group, PC, on brief), for
            appellee.


        Diana H. Becker (wife) appeals the April 6, 2006 final decree granting Frank J. Becker

(husband) a divorce *a vinculo matrimonii* from wife.  On appeal, wife contends the trial court

erred in (1) failing to award her any portion of husband's deferred compensation, (2) "in

structuring the buy-out of [her] interest in the husband's business over a period of nearly ten

years, without allowing for any payment or accrual of interest on [her] share during that time

period," and (3) "reimbursing the husband off-the-top for 100% of the mortgage payments made

by him, *pendente lite*, rather than reimbursing him for only the principal payments" in

distributing the proceeds from the sale of the marital home.  Husband seeks an award of

attorney's fees and costs associated with this appeal.  For the reasons that follow, we affirm the

trial court's order.

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

We view the evidence, and all reasonable inferences flowing from the evidence, in a light most favorable to husband as the party prevailing below. Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 835 (2003). "That principle requires us to 'discard the evidence' of the appellant which conflicts, either directly or inferentially, with the evidence presented by the appellee at trial." Id. (quoting Wactor v. Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002)).

So viewed, the evidence proved the parties married on December 20, 1969 and separated on or about September 3, 2004. During the majority of the marriage, husband, a civil engineer, worked for GHT, Ltd. Husband became a principal in that company and owns an approximate twenty percent share of the business. The parties agree husband's interest in the company is a marital asset. The court valued the interest at $1,276,500 and awarded wife one half that amount.

After hearing evidence from both parties, the court concluded that, although husband "is entitled to deferred compensation from his employer, GHT, Ltd.," the court would not "place any value on this deferred compensation because it was considered in the valuation of Husband's GHT stock."

In fashioning its equitable distribution award to wife, the court required husband to pay wife her share of the interest in the GHT stock over a period of nine years, without interest.

The trial court ordered husband to pay wife support of $2,400 per month, *pendente lite*. Husband continued to pay the mortgage on the marital residence following the parties' separation, in addition to the court-ordered spousal support. Wife has had sole use of the marital residence from the time of the parties' separation. In the final decree, the court awarded wife $6,000 per month spousal support, less the mortgage payment until the marital residence is sold.

Husband is responsible for making the mortgage payment until that time. The court made the support award retroactive to the time of the filing of the bill of complaint and, for that reason, allowed husband to deduct from the consequent support arrearage, the cumulative amount of the mortgage payments he made *pendente lite*.

ANALYSIS

I.

Relying on Code § 20-107.3(G), wife asserts the trial court erred in failing to award her any portion of husband's "deferred compensation from his employer."

"Fashioning an equitable distribution award lies within the sound discretion of the trial judge and that award will not be set aside unless it is plainly wrong or without evidence to support it." Srinivasan v. Srinivasan, 10 Va. App. 728, 732, 396 S.E.2d 675, 678 (1990). Thus, "[a]s long as evidence in the record supports the trial court's ruling and the trial court has not abused its discretion, its ruling must be affirmed on appeal." Brown v. Brown, 30 Va. App. 532, 538, 518 S.E.2d 336, 338 (1999).

Moreover, "[a]s an appellate court, we view the evidence, and all reasonable inferences flowing from the evidence, in a light most favorable to wife as the party prevailing below." Miller v. Cox, 44 Va. App. 674, 678, 607 S.E.2d 126, 128 (2005). "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Thomas v. Thomas, 40 Va. App. 639, 644, 580 S.E.2d 503, 505 (2003).

Code § 20-107.3(G) provides, in pertinent part, that "[t]he court *may* direct payment of a percentage of the marital share of any pension, profit-sharing or deferred compensation plan or retirement benefits, whether vested or nonvested, which constitutes marital property and whether payable in a lump sum or over a period of time." (Emphasis added).

Husband presented the testimony of expert Thomas R. Greenawalt. Greenawalt calculated husband's interest in GHT using the company's shareholder's agreement and employment agreement. He explained that those agreements provide that if husband sought to sell his stock in the company or terminate his employment, he would receive a buy-out of the stock based upon the company's adjusted book value and excess net accounts receivable. He valued husband's stock interest in GHT at $439,031. The company's employment agreement defines "deferred compensation" as "the unpaid accounts receivable preference owed to the Employee" and a designated percentage of the employer's excess net accounts receivable. Greenwalt valued the amount husband would receive from this deferred compensation plan as $718,455.

Wife's expert, Joey Musmar, valued husband's ownership interest in the company at $1,527,000 using a capitalization of excess earnings method. His valuation of the interest did not include husband's deferred compensation.

Harold Martin, husband's other expert witness, critiqued Musmar's conclusions. He testified Musmar's valuation analysis was flawed in several ways and concluded husband's interest in the business would be $1,027,000, explaining that he captured the value of the deferred compensation in his calculations.

> A trial court has broad discretion to determine the value of assets. "The trial court's valuation cannot be based on mere guesswork. The burden is on the parties to provide the trial court sufficient evidence from which it can value their property." Further, the trial court determines the weight and credibility to afford the evidence presented to it. In sum, "the value of property is an issue of fact, not law."

Hoebelheinrich v. Hoebelheinrich, 43 Va. App. 543, 556-57, 600 S.E.2d 152, 158 (2004) (citations omitted). Simply put, a trial judge may "choose among conflicting assessments of

value as long as [the judge's] finding is supported by the evidence." McDavid v. McDavid, 19 Va. App. 406, 413, 451 S.E.2d 713, 718 (1994).

The court, in concluding that the value of husband's interest in GHT was $1,276,500, expressly noted that the figure included the value of husband's "deferred compensation." Wife does not directly challenge the court's valuation of the interest, but instead concludes the court failed to award her any portion of the "deferred compensation." We find no merit in her argument.

The record establishes that the court not only concluded husband was "entitled to deferred compensation," but that it also specifically adopted a valuation of husband's interest in GHT that included the value of husband's "deferred compensation" as defined by the company's employment agreement with husband. The court's valuation figure and the valuation method upon which it was predicated are supported by the expert testimony given in the case. By awarding wife a one-half interest in that amount, the court necessarily awarded her a one-half interest in the value it assigned to the deferred compensation.

As such, we need not determine whether GHT's deferred compensation plan is a "'deferred compensation' plan subject to division by the court under Code § 20-107.3(G)" as wife asserts. The court granted wife a fifty-percent share of the value it placed on the plan, and we find no abuse of discretion in its award.

## II.

Wife further contends the court abused its discretion "in structuring the buy-out of wife's interest in the husband's business over a period of nearly ten years without allowing for any payment or accrual of interest on the wife's share during that period."

To support her assertion, wife states only that "[w]ithout making any reference to any of the factors set forth in [Code § 20-107.3(E)], and without making any findings related to its

reasoning why, the trial court deprived" her of use of the funds or interest on the awarded amount. She concludes, without elaboration, that "the facts in the record simply do not support such a harsh result."

> Although the appellant argues that the trial court did not consider all of the statutory factors, [her] brief fails to identify which factors were not considered and how they would have affected the trial court's determination. Since this argument was not fully developed in the appellant's brief, we need not address this question. Statements unsupported by argument, authority, or citations to the record do not merit appellate consideration. We will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief.

Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992) (citation omitted). Wife not only failed to identify which factors the court did not consider, but also failed to demonstrate, beyond her blanket assertion that the result was unfairly harsh, how the award was an abuse of discretion. Accordingly, we decline to address this issue.

III.

Wife argues the trial court erred by reimbursing husband the entire amount of the mortgage payments he made *pendente lite* "rather than reimbursing him for only the principal payments."

She asserts, citing von Raab v. von Raab, 26 Va. App. 239, 494 S.E.2d 156 (1997), that "it is not error for a trial court to fail to award such a dollar-for-dollar credit." However, she cites no authority to support her contention that it was error to award such a credit. Instead, she states only that "[t]here was simply no reason to give the Husband such a windfall."

On the contrary, the court clearly explained that it awarded husband a reimbursement of the entire amount of the mortgage payments he made because it had increased husband's support obligation retroactively to the time of the filing of the bill of complaint. The court awarded wife $6,000 monthly support, less the continued mortgage payments until the time the marital

residence is sold.  Thus, the reimbursement of the earlier mortgage payments is entirely consistent with the court's support award.

In reviewing a spousal support award, the trial court has broad discretion in awarding and fixing the amount of spousal support.  Miller, 44 Va. App. at 679, 607 S.E.2d at 128.  When its findings have an evidentiary foundation and the record discloses that it gave due consideration to each of the statutory factors, we will not disturb the decision on appeal.  Id.

As the record supports the court's award, we find no abuse of discretion in its decision to reimburse husband for the full amount of the mortgage payments.

IV.

Husband requests this Court to award attorney's fees and costs incurred on appeal.

Upon a review of this appeal, we find that the wife's case presented numerous questions that were not supported by law or evidence.  See Gottlieb v. Gottlieb, 19 Va. App. 77, 95, 448 S.E.2d 666, 677 (1994).  Therefore, we award attorney's fees to husband and remand this case to the trial court for determination of attorney's fees and costs incurred in responding to this appeal, and for any costs incurred at the hearing on remand.

Accordingly, we remand to the trial court to determine an appropriate award of attorney's fees and costs incurred in this appeal, including any attorney's fees and costs incurred at the remand hearing, and any reasonable attorney's fees and costs of collection, if necessary.

Affirmed and remanded.