HALEY, J.,
with whom Clements, J., joins, concurring, in part, and dissenting, in part.
I concur with the majority’s holding regarding the third issue raised for determination en banc. I respectfully dissent, however, from the majority’s holding on the first issue because I conclude, based on the statements made by the trial court, that the court applied the wrong legal standard in refusing to impute income to wife and, thus, abused its discretion. Accordingly, I would reverse the trial court’s judgment and remand for reconsideration of the spousal support award, applying the correct legal standard as to imputation of income.
“A spouse is obligated to earn as much as he or she reasonably can to reduce the amount of the support need.” Peter N. Swisher, Lawrence D. Diehl, & James R. Cottrell, Family Law: Theory, Practice and Forms § 9:5, at 283-84 (2008). “A court may under appropriate circumstances impute income to a party seeking spousal support. This conclusion logically flows from the principle that one who seeks spousal support is obligated to earn as much as he or she reasonably *499 can to reduce the amount of the support need.” Srinivasan v. Srinivasan, 10 Va.App. 728, 734, 396 S.E.2d 675, 679 (1990).
Here, the trial court stated: “This is not a case of imputed income so much as it is some sort of challenge that you are voluntarily underemployed or unemployed, and that law imposes a duty upon you to be employed. I don’t think that’s what the law is.” (Emphasis added). The problem with the trial court’s statement is that it is simply wrong. As the commentators and case law quoted above demonstrate, the law does impose a duty upon a spouse who seeks spousal support to be reasonably employed to reduce the support need.
That obligation, or legal duty, is tempered by the consideration that a spouse is entitled to a reasonable time to obtain employment and by a further consideration of the need for care of young children. In this case, the parties had been separated for 20 months. The parties’ three children, ages 11, 13, and 15, were all in school. A court may impute income when “the evidence reveals that the child or children are in school.” Brody v. Brody, 16 Va.App. 647, 650, 432 S.E.2d 20, 22 (1993).
The trial court continued:
Now, it’s probably true ... you probably, with your background, would feel good—and I’m not saying that you shouldn’t try to work and that that wouldn’t be helpful for your mind and give you some challenges, and that you shouldn’t look forward to that, but I’m not sure that the law says the moment your husband leaves the wife has to go to work____
(Emphasis added). That background includes the facts that wife has a bachelor’s degree in biology and psychology from the University of Pittsburgh, a master’s degree in public administration from the University of Kentucky, and an associate’s degree in respiratory therapy. Code § 20-107.1(E)(9) requires a court to consider “[t]he earning capacity, including the skills, education and training of the parties and the *500 present employment opportunities for persons possessing such earning capacity.”
The majority concludes that the trial court “did not hold that wife never has to return to work” but “merely held ... that the law does not require wife to return to work immediately in order to avoid the imputation of income.” My contextual reading of the trial court’s statements convinces me otherwise. As previously noted, 20 months had passed since the parties separated, and that period of time cannot reasonably be considered immediately following the separation. Additionally, the trial court stated that wife’s return to work sometime in the future might make her “feel good” and be “helpful for [her] mind and give [her] some challenges,” which she could “look forward to.” The court never acknowledged wife’s obligation, or legal duty, to return to work within a reasonable time to reduce her support need. In other words, the trial court effectively ruled that wife had no duty to ever return to work; rather, she could return to work at some point in the future, if she chose to, for her personal satisfaction and well-being. That ruling, of course, runs directly counter to the law requiring a spouse seeking spousal support “to earn as much as he or she reasonably can to reduce the amount of the support need.” Srinivasan, 10 Va.App. at 734, 396 S.E.2d at 679.
For these reasons, I would hold that the trial court erred by applying an incorrect legal standard when it refused to impute income to wife and that that error, ipso facto, constitutes an abuse of discretion.