COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, McClanahan and Senior Judge Willis


JAMES WILLIAM BURTON

                                                          MEMORANDUM OPINION[*]
v.      Record No. 1050-08-3                                   PER CURIAM
                                                            OCTOBER 21, 2008
LISA BARILE


FROM THE CIRCUIT COURT OF BOTETOURT COUNTY
Malfourd W. Trumbo, Judge

(Gordon H. Shapiro; Shapiro & Kurtin, on brief), for appellant.

(Charles B. Phillips; Phillips & Phillips, on brief), for appellee.


James W. Burton (husband) and Lisa Barile (wife) were divorced on April 3, 2008.

Husband appeals the trial court's equitable distribution award and argues that the trial court erred in

not awarding him more than fifty percent of the equity in the former marital residence. Upon

reviewing the record and briefs of the parties, we summarily affirm the decision of the trial court.

See Rule 5A:27.

BACKGROUND

Husband and wife married on March 14, 1998, separated on May 10, 2006, and divorced on

April 3, 2008. Prior to the marriage, husband owned property in New York. The New York

property was originally titled in his first wife's name, and was later transferred to him. At the time

of the purchase from his first wife, husband forged her name to a mortgage application, which

caused approximately ten years of litigation. The litigation was settled when the New York

property was transferred to the principal mortgage lender and subsequently sold to wife. Wife

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

acquired the New York property in her name alone at the foreclosure price of $280,000. In addition to a mortgage in wife's name only, the parties used marital funds to purchase the New York property from the principal mortgage lender.

In 2004, the New York property was sold for $685,000, which resulted in a net equity of $455,334 to the parties. Wife used $330,000 to purchase the former marital residence, hereinafter referred to as the Etzler Road property. The Etzler Road property was titled in wife's name only.

At trial, wife argued that she should receive seventy percent of the equity in the Etzler Road property because she maintained the property and paid the homeowner's insurance on it. Husband argued that he should receive a greater share of the equity in the Etzler Road property because the funds to purchase it came from the New York property. The trial court held that the Etzler Road property was marital and the equity should be divided equally. Husband timely noted his appeal.

ANALYSIS

"When reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 834 (2003).

On appeal, "decisions concerning equitable distribution rest within the sound discretion of the trial court and will not be reversed on appeal unless plainly wrong or unsupported by the evidence." McDavid v. McDavid, 19 Va. App. 406, 407-08, 451 S.E.2d 713, 715 (1994) (citing Srinivasan v. Srinivasan, 10 Va. App. 728, 732, 396 S.E.2d 675, 678 (1990)).

Husband argues that the court erred in not awarding him more than fifty percent of the equity in the Etzler Road property. He contends that the funds to purchase the Etzler Road property came from the New York property, which he had an interest in prior to the marriage. Husband claims that he received gifts from his father which were used toward maintaining the New York property; however, husband failed to trace these gifts and his separate property to the

Etzler Road property. See Code § 20-107.3(A)(3)(d) and (e). See also von Raab v. von Raab, 26 Va. App. 239, 248, 494 S.E.2d 156, 160 (1997) (citations omitted) ("The party claiming a separate interest in transmuted property bears the burden of proving retraceability.").

Husband also argues that he made significant contributions to the New York property, whereas wife made minimal efforts in maintaining the New York property. However, there is no evidence to support this argument because wife assisted with the family businesses and with paying the marital debts.

The court stated that it initially looked as if there was a separate component to the Etzler Road property; however, upon review of the evidence, the court concluded that the Etzler Road property was marital. The court held that neither party was entitled to more than fifty percent of the equity in the Etzler Road property.

The trial court explained its ruling by discussing the ties between the New York property and the Etzler Road property. The trial court stated that husband had financial difficulties and that "both parties were involved in deception" when they purchased the New York property back from the principal mortgage lender in order to avoid foreclosure. The trial court further explained that marital funds were used to complete this transaction. Thereafter, the New York property was sold, and the funds from the New York property were used to purchase the Etzler Road property. Husband did not trace any of his separate funds toward the purchase of the Etzler Road property.

The evidence supports the court's ruling that the equity in the Etzler Road property should be divided equally. The ruling is summarily affirmed. Rule 5A:27.

Affirmed.