COURT OF APPEALS OF VIRGINIA


Present:  Judge Elder, Senior Judges Annunziata and Clements


KEVIN JAMES RILEY

                                                        MEMORANDUM OPINION[*]
v.      Record No. 2196-08-1                                    PER CURIAM
                                                              MARCH 10, 2009
KIMBERLY WILSON RILEY


            FROM THE CIRCUIT COURT OF THE CITY OF WILLIAMSBURG AND
                            COUNTY OF JAMES CITY
                          Samuel T. Powell, III, Judge

              (Charles E. Haden, on brief), for appellant.

              (Breckenridge Ingles; Martin, Ingles & Ingles, Ltd., on brief), for
              appellee.


        Kevin James Riley (husband) appeals the trial court's final order entered August 12, 2008.

Husband contends that the trial court erred by (a) not considering husband's physical disability,

which decreased his income for support purposes; (b) not considering the parties' disparate tax

circumstances in determining spousal support; (c) not stating the proper beginning and ending dates

of the marital share of husband's retirement account; (d) making husband's indebtedness to his

mother an award and not payable to him; (e) capping the amount of interest owed to his mother and

miscalculating the interest amount; (f) considering the amount of funds on deposit with the trial

court when issuing its equitable distribution award; (g) determining that husband had not

sufficiently traced his separate property interest in the parties' real estate; and (h) ruling that

husband had not sufficiently proved his marital debts, interest, and payments.  Upon reviewing the

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

record and briefs of the parties, we conclude that this appeal is without merit.  Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

BACKGROUND

The parties married on February 18, 1989 and separated on April 18, 2003, although they continued to live under the same roof.  On August 31, 2004, the trial court granted Kimberly Wilson Riley (wife) a divorce based on living separate and apart for more than one year.  The trial court reserved the parties' rights to custody, visitation, child support, equitable distribution, spousal support, and attorney's fees.[1]  On September 28, 2005, the trial court referred the matters of equitable distribution, spousal support, and attorney's fees to a judge *pro tempore*.  The judge *pro tempore* heard testimony and evidence on September 27, 2006, November 2, 2006, and February 13, 2007.  His first opinion letter was dated May 7, 2007.  Each party filed post-trial motions, and a hearing was held on July 25, 2007.  A second opinion letter was dated September 25, 2007.  Husband filed additional post-trial motions; however, no hearing was held on those motions.  The judge *pro tempore* entered an order on November 26, 2007, but attorney's fees were reserved to another date.  A final order was entered on August 12, 2008.  Husband timely filed his notice of appeal.

ANALYSIS

"When reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences."  Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 834 (2003).

On appeal, "decisions concerning equitable distribution rest within the sound discretion of the trial court and will not be reversed on appeal unless plainly wrong or unsupported by the

---

[1] The trial court ruled on custody, visitation, and child support at a subsequent hearing.  Those issues are not before this Court at this time.

evidence." McDavid v. McDavid, 19 Va. App. 406, 407-08, 451 S.E.2d 713, 715 (1994) (citing Srinivasan v. Srinivasan, 10 Va. App. 728, 732, 396 S.E.2d 675, 678 (1990)).

Issue G – Tracing Separate Property and the Brandenburg Formula

Husband contends that the trial court erred in finding that he did not adequately trace his separate property from the parties' real estate. Husband argues that the trial court should have applied the Brandenburg formula to divide the net proceeds of the real estate.

On June 20, 1988, husband borrowed $14,975 from his 401(K) plan in order to purchase a waterfront lot, but he was unable to finalize the purchase. He placed the funds in a bank account. At trial, husband testified that on January 12, 1990, he used the funds in the bank account, another 401(K) distribution, and liquidation of a life insurance policy as a down payment on the property. The parties secured additional loans and built a house on the property. On December 29, 1995, the parties refinanced the lot and house construction loans. On March 31, 2005, the parties sold the property and improvements for less than the appraised value. The net proceeds totaled $472,352.72, and the funds were placed on deposit in the clerk's office. While the matter was pending before the trial court, each party was allowed to withdraw monies from the sale proceeds.

Husband contends that the purchase of the lot and the improvements primarily came from his separate assets, including his 401(K), two life insurance policies, a prior residence, and a condominium he owned prior to the marriage. Therefore, he argues that the trial court should have awarded him 80% of the net proceeds according to the Brandenburg formula. See Brandenburg v. Brandenburg, 617 S.W.2d 871 (Ky. Ct. App. 1981).

The trial court found that husband did not meet his burden in tracing his separate contributions to the property and, therefore, did not apply the Brandenburg formula. The trial court held that husband did not prove that his separate funds were not commingled with marital

funds, nor did he provide "sufficient third party institutional proof" to trace his separate funds.

After several offsets, the trial court ordered that the remaining net proceeds be divided equally.

> Code § 20-107.3(A)(3)(d)-(f) provides that tracing of hybrid property is only performed after separate and marital property have been commingled by contribution of one category to another, acquisition of new property, or retitling of property in the names of both parties. . . . In order to trace the separate portion of hybrid property, a party must prove that the claimed separate portion is identifiably derived from a separate asset. This process involves two steps: a party must (1) establish the identity of a portion of hybrid property and (2) directly trace that portion to a separate asset. . . . If, however, separate property is contributed to marital property, contributed to the acquisition of new property, or retitled in the names of both parties, and suffers a "loss of identity," the commingled separate property is transmuted to marital property. Code § 20-107.3(A)(3)(d)-(f).

Rahbaran v. Rahbaran, 26 Va. App. 195, 208, 494 S.E.2d 135, 141 (1997); see also Gilman v. Gilman, 32 Va. App. 104, 122, 526 S.E.2d 763, 772 (2000).

"[I]t is clear that in the absence of sufficient evidence establishing the identity of separate funds throughout the multiple investments and withdrawals, the asset in question must be deemed marital." Barker v. Barker, 27 Va. App. 519, 533, 500 S.E.2d 240, 246 (1998) (citation omitted).

Here, the trial court held that husband failed in providing documentation that the 401(K) loan proceeds were still in the bank account when he purchased the lot. There was no documentation to prove that he kept his 401(K) proceeds separate from marital assets. The trial court also held that although husband probably used some of his separate proceeds toward paying the contractors, the trial court could not ascertain how much money was used and whether it was marital or separate. Husband again failed to provide the necessary documentation to trace his separate property. The trial court further held that husband did not prove that the proceeds from his previous residence and the condominium were used toward the down payment of the real estate. He did not provide the necessary information for the trial court to determine

the marital and separate component of the proceeds from the previous residence. Husband also did not provide sufficient documentation to show that proceeds from the condominium were used toward the down payment because the down payment was paid before the condominium proceeds were received.

"The party claiming a separate interest in transmuted property bears the burden of proving retraceability." von Raab v. von Raab, 26 Va. App. 239, 248, 494 S.E.2d 156, 160 (1997) (citations omitted). Husband did not meet his burden of proof, and the trial court did not err in refusing to apply the Brandenburg formula.

### Issues A-F, H – Rule 5A:20(e)

Husband's remaining issues concern equitable distribution and spousal support; however, in his brief, husband failed to provide any legal authority to support his assertions.[2]

Rule 5A:20(e) mandates that appellant's opening brief include "[t]he principles of law, the argument, and the authorities relating to each question presented . . . ." Husband did not comply with Rule 5A:20(e) because his opening brief does not contain any principles of law, argument, or citation to legal authorities or the record to fully develop appellant's arguments regarding the spousal support award, the division of funds, the calculation of retirement, and the payment of debt.

Husband has the burden of showing that reversible error was committed. See Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992). Unsupported assertions of error "do not merit appellate consideration." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). Furthermore this Court "will not search the record for errors in order to

---

[2] In the conclusion paragraph of his brief, husband seeks reversal of the trial court's ruling and asks this Court to "remand with instructions to apply a Brandenburg analysis to equitable distribution of the net sale proceeds of the parties' home." He does not request relief for the remaining issues he presented on appeal.

interpret the appellant's contention and correct deficiencies in a brief." Id. Nor is it this Court's "function to comb through the record . . . in order to ferret-out for ourselves the validity of [appellant's] claims." Fitzgerald v. Bass, 6 Va. App. 38, 56 n.7, 366 S.E.2d 615, 625 n.7 (1988) (*en banc*).

We find that husband's failure to comply with Rule 5A:20(e) is significant, and we will not consider the remaining issues. See Fadness v. Fadness, 52 Va. App. 833, 851, 667 S.E.2d 857, 866 (2008) ("If the parties believed that the circuit court erred, it was their duty to present that error to us with legal authority to support their contention."); Parks v. Parks, 52 Va. App. 663, 664, 666 S.E.2d 547, 548 (2008).

CONCLUSION

We affirm the trial court's ruling that husband did not adequately trace his separate property in the real estate. Husband's remaining questions presented are waived, since he failed to comply with Rule 5A:20(e).

Affirmed.