COURT OF APPEALS OF VIRGINIA


Present:   Judges McClanahan, Haley and Senior Judge Willis


KIAM LAYNE

                                                        MEMORANDUM OPINION*
v.        Record No. 0978-09-3                              PER CURIAM
                                                          OCTOBER 20, 2009
CHRISTINA M. LAYNE


                    FROM THE CIRCUIT COURT OF MONTGOMERY COUNTY
                              Robert M. D. Turk, Judge

                (Mark Q. Anderson; Albright & Bongard, PLC, on brief), for
                appellant.

                (H. Gregory Campbell, Jr.; Bettye Ackerman; H. Gregory Campbell,
                Jr., P.C., on brief), for appellee.


        Kiam Layne (husband) appeals the equitable distribution ruling of the trial court.  Husband

argues that the trial court erred by finding that (1) $57,340.89 of equity in a condominium owned by

husband prior to the marriage was marital property and that Christina M. Layne (wife) was entitled

to one-half of that sum, and (2) $44,000 of wife's student loans was marital property and that

husband should pay wife $11,000 as his share of the debt.  Upon reviewing the record and briefs of

the parties, we conclude that this appeal is without merit.  Accordingly, we summarily affirm the

decision of the trial court.  See Rule 5A:27.

                                       BACKGROUND

        The parties married on August 4, 2001, separated on November 1, 2006, and divorced on

February 5, 2009.

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

At the equitable distribution hearing, the parties presented evidence of their assets and liabilities. Husband owned a condominium prior to the marriage, which the parties subsequently lived in for one year and then rented during the marriage. The trial court found that the condominium was hybrid property and ordered that wife receive $28,676 of the marital equity. In addition, wife incurred $44,000 worth of student loans during the marriage. Husband argued that he should not be responsible for the student loans because he will not receive any benefit of wife's education since they are separated. The trial court ruled that the loans went toward family expenses and ordered husband to pay wife $11,000 toward the debt.

## ANALYSIS

On appeal, "decisions concerning equitable distribution rest within the sound discretion of the trial court and will not be reversed on appeal unless plainly wrong or unsupported by the evidence." McDavid v. McDavid, 19 Va. App. 406, 407-08, 451 S.E.2d 713, 715 (1994) (citing Srinivasan v. Srinivasan, 10 Va. App. 728, 732, 396 S.E.2d 675, 678 (1990)). "When reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 834 (2003) (citations omitted).

### The Condominium

Husband argues that the trial court erred in classifying the condominium as hybrid property and determining that wife's share is $28,676.

In April 2000, husband purchased the condominium. When the parties married, they lived in the condominium for approximately one year until they moved to another home and maintained the condominium as rental property. The trial court found that both parties "helped in the upkeep and maintenance of the condominium as well as leasing it, looking for renters, and taking care of day-to-day problems with the condominium." The rent checks were deposited into a joint account,

and joint funds were used to pay the mortgage on the condominium. The trial court ruled that wife's "contributions to this property are much more substantial than just 'nominal' contributions."

"Because the trial court's classification of property is a finding of fact, that classification will not be reversed on appeal unless it is plainly wrong or without evidence to support it." Ranney v. Ranney, 45 Va. App. 17, 31-32, 608 S.E.2d 485, 492 (2005) (citing McDavid, 19 Va. App. at 407-08, 451 S.E.2d at 715).

> In the case of the increase in value of separate property during the marriage, such increase in value shall be marital property only to the extent that marital property or the personal efforts of either party have contributed to such increases, provided that any such personal efforts must be significant and result in substantial appreciation of the separate property.
>
> For purposes of this subdivision, the nonowning spouse shall bear the burden of proving that (i) contributions of marital property or personal effort were made and (ii) the separate property increased in value. Once this burden of proof is met, the owning spouse shall bear the burden of proving that the increase in value or some portion thereof was not caused by contributions of marital property or personal effort.

Code § 20-107.3(A)(3)(a).

Husband purchased the condominium prior to the marriage, and it remained titled in his separate name. However, wife met her burden of proof to show that the property was hybrid. The condominium's value increased during the marriage, and wife's contributions toward the increase were substantial. She helped find the renters, leased the property, called the repairmen, collected the rent, and paid the mortgage. In addition, the parties' joint funds reduced the mortgage owed on the property, which increased the equity.

The trial court awarded wife one-half of the marital share of the equity. After subtracting husband's separate equity at the time of the marriage, the marital share of the equity was $57,352, and wife's share was $28,676.

The trial court did not abuse its discretion in holding that the condominium was hybrid property and awarding wife $28,676 of the equity.

Student Loans

Husband contends the trial court erred in classifying $44,000 of wife's student loans as marital debt and ordering him to pay $11,000 toward the debt.

At the time of the parties' marriage, wife owed $30,000 in student loans. During the marriage, the student loan debt increased to $74,000, which was the amount owed at the time of separation.

"The court shall also have the authority to apportion and order the payment of the debts of the parties, or either of them, that are incurred prior to the dissolution of the marriage . . . ." Code § 20-107.3(C).

All debt incurred during the marriage is presumed to be marital debt. Gilliam v. McGrady, 53 Va. App. 476, 482, 673 S.E.2d 474, 478 (2009) (citations omitted). The party who seeks to prove the debt as separate has the burden to do so. Id. at 483, 673 S.E.2d at 478. Therefore, husband had the burden to prove that $44,000 of wife's student loans was her separate debt.

In determining whether a debt is marital or separate, the trial court looks to the purpose of the original debt and who benefited from it. Id. at 486, 673 S.E.2d at 480. The student loan debt was originally incurred for wife's education. The debt increased $44,000 during the marriage. The trial court found that the increase in the debt was incurred for family purposes. Wife testified that her tuition and books were paid for through her graduate program, and she used the funds from student loans to maintain the household. Husband argued that he should not be responsible for the student loans because he would not benefit from wife's education. She did not start earning money from her degree until after they separated. The family, though, benefited

- 4 -

from the student loans because the funds went toward family expenses. The trial court ordered husband to pay $11,000 as his portion of the student loan debt.

The trial court did not err in classifying $44,000 of the student loans as marital property and ordering husband to pay $11,000 of the debt.

### Attorney's Fees and Costs

Wife asks this Court to award her attorney's fees and costs incurred on appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). Having reviewed and considered the entire record in this case, we hold that wife is entitled to a reasonable amount of attorney's fees and costs, and we remand for the trial court to set a reasonable award of attorney's fees and costs incurred by wife in this appeal.

### CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27. We remand this case to the trial court for a determination and award of the appropriate appellate attorney's fees and costs.

Affirmed and remanded.