COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, McCullough and Senior Judge Bumgardner

MICHAEL ANDREW STEGALL

v.     Record No. 1283-13-3

RHONDA GAY WHEELER STEGALL

MEMORANDUM OPINION[*]
PER CURIAM
DECEMBER 27, 2013

FROM THE CIRCUIT COURT OF FRANKLIN COUNTY
William N. Alexander, II, Judge

(Monica Taylor Monday; Rhonda L. Overstreet; Gentry Locke
Rakes & Moore LLP; Overstreet Sloan, PLLC, on briefs), for
appellant.

(Frank K. Friedman; Erin B. Ashwell; Woods Rogers, PLC, on
brief), for appellee.

Michael Andrew Stegall (husband) appeals the trial court's valuation of a family business in

an equitable distribution hearing. Husband argues that the trial court "erred in its valuation of

Stegall, Inc., by accepting Harry Schwarz's arbitrary valuation of fully-appreciated fixed assets of

the company." Upon reviewing the record and briefs of the parties, we conclude that this appeal

is without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule

5A:27.

BACKGROUND

"When reviewing a trial court's decision on appeal, we view the evidence in the light

most favorable to the prevailing party, granting it the benefit of any reasonable inferences."

Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 834 (2003) (citations omitted).

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Husband and Rhonda Gay Wheeler Stegall (wife) married on July 1, 2000 and separated on May 9, 2009. Throughout the marriage, husband worked at the family business, Stegall, Inc., d/b/a Blue Ridge Tire Center. In 2004, husband acquired the business from his father and stepmother. He is the sole owner of the business.

An equitable distribution hearing was held on May 6, 2013.[1] Each party presented expert witnesses who opined about their valuation of Stegall, Inc. Dean Heinberg was husband's expert and valued the business, excluding real estate, at $412,074. Schwarz was wife's expert, and valued the business, excluding real estate, at $551,000. The difference between the values reflects the fixed asset adjustment. To determine the fixed asset adjustment, Heinberg relied on the property tax value assigned by the Commissioner of Revenue. Meanwhile, "[b]ased on the age and nature of the fixed assets," Schwarz "estimated that the value in use of the fully depreciated fixed assets would be approximately 20% of the original cost of those assets." There also was a difference in the adjustment to asset improvements.

The trial court found Schwarz's appraisal to be "better reasoned and more persuasive" and valued Stegall, Inc. at $551,000. The final decree of divorce was entered on June 10, 2013. This appeal followed.

ANALYSIS

*Valuation*

Husband argues that the trial court erred in accepting Schwarz's valuation because Schwarz "arbitrarily" estimated the value of the fully depreciated assets at 20% of their original cost.[2]

---

[1] The only issue on appeal concerns the valuation of Stegall, Inc., so we will not address the trial court's other rulings as related to the final decree of divorce.

[2] Contrary to wife's arguments, husband preserved this issue in his written closing argument, which was dated May 29, 2013.

On appeal, "decisions concerning equitable distribution rest within the sound discretion of the trial court and will not be reversed on appeal unless plainly wrong or unsupported by the evidence." McDavid v. McDavid, 19 Va. App. 406, 407-08, 451 S.E.2d 713, 715 (1994) (citing Srinivasan v. Srinivasan, 10 Va. App. 728, 732, 396 S.E.2d 675, 678 (1990)).

"It is well established that the trier of fact ascertains a witness' credibility, determines the weight to be given to their testimony, and has the discretion to accept or reject any of the witness' testimony." Street v. Street, 25 Va. App. 380, 387, 488 S.E.2d 665, 668 (1997) (*en banc*) (citation omitted). A court may "choose among conflicting assessments of value as long as its finding is supported by the evidence." McDavid, 19 Va. App. at 413, 451 S.E.2d at 718.

The trial court had the opportunity to see and hear the witnesses, and it found Schwarz's valuation to be "better reasoned and more persuasive." Schwarz testified that he had requested information from husband and the business, but did not receive all of the requested information. Schwarz stated that he had to make an adjustment for the fully depreciated machinery and equipment, which had not been formally appraised. Husband argues that Schwarz used an "arbitrary" figure by choosing 20% for the adjustment of the fully depreciated assets. However, when asked how he determined to use 20% for the adjustment, Schwarz explained, "If the assets are still utilized there is some utility and we are saying that there is utility there." In addition, there was evidence that Heinberg relied on the Commissioner of Revenue's figures, but they were also arbitrary according to Schwarz. Schwarz noted that the Commissioner does not have the assets appraised before determining their value. The trial court found that Schwarz sufficiently explained his reasoning for his valuation.

The trial court did not err in accepting Schwarz's valuation of Stegall, Inc.

*Attorney's fees*

Wife asks this Court to award her attorney's fees incurred on appeal.  See O'Loughlin v.

O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996).  Having reviewed and considered

the entire record in this case, we deny her request.

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed.  Rule 5A:27.

Affirmed.