455 S.E.2d 256

**Lee Roy DONNELL**

v.

**Nicole Patricia DONNELL.**

**Record No. 2047–93–4.**

Court of Appeals of Virginia,
Alexandria.

March 21, 1995.

38

Mary Ellen Craig, Reston (Craig & Hirsch, P.C., on briefs), for appellant.

Dana J. Carlson, Fairfax (Duvall, Harrigan, Hale & Hassan, on brief), for appellee.

Present: MOON, C.J., and BAKER and FITZPATRICK, JJ.

## OPINION

BAKER, Judge.

In this appeal, Lee Roy Donnell (husband) contends that the Circuit Court of Arlington County (trial court) abused its

discretion in making equitable distribution and support awards to Nicole Patricia Donnell (wife).

On appeal, we construe the evidence in the light most favorable to wife, the prevailing party below, granting to her evidence all reasonable inferences fairly deducible therefrom. *McGuire v. McGuire*, 10 Va.App. 248, 250, 391 S.E.2d 344, 346 (1990). Married on September 6, 1959, the parties separated in April 1991. Wife was awarded a divorce on the ground of cruelty based upon husband's misconduct in coercing sexual acts against the parties' daughters [1] beginning when one was as young as four years old and continuing until one had attained the age of twenty-one years. Wife was unaware of husband's acts until 1991.

As a result of those acts,[2] husband was charged with three felonies that subsequently were reduced to a single misdemeanor charge to which husband entered an *Alford* plea. Husband was sentenced to one year in jail and was incarcerated. He was serving that sentence when the equitable distribution and support decree appealed from was entered by the trial court.

In anticipation of the jail sentence, husband retired from his position with the Central Intelligence Agency (CIA), where his monthly salary was $4,734. Upon retirement, husband's total monthly income was reduced to $1,987. In making the equitable distribution and support awards, the trial court imputed $55,000 annually in income to husband (his pre-retirement income) and based its awards upon that sum.

During the parties' thirty-four year marriage, husband contributed seventy-five percent of the cash contributions to the marriage. Wife contributed the remainder and virtually all of the non-monetary contributions to the well-being of the family.

---

1. Three children were born of the marriage, two daughters over the age of eighteen and a son born December 8, 1978.

2. It is not necessary that we detail the child molestation charges described or claimed. We accept that, viewed most favorably to wife, the misconduct was egregious.

There were several years during the marriage that husband was absent from the United States due to his full-time employment position with the CIA.

The marital assets at the time of the equitable distribution hearing included the marital residence, with approximately $150,000 in equity; wife's and husband's pensions; personalty; one vehicle; wife's thrift savings account; and personal possessions. The marital debts included obligations secured by the first and second deeds of trust upon the marital residence and a credit card balance fully paid by husband prior to the equitable distribution hearing date.

Husband's post-separation debts included a $15,000 loan made to his daughter that he co-signed and made regular payments thereon until incarcerated, and, in addition, a $25,-000 loan from Jim Pomajevich used to pay for husband's criminal defense.

In a decree entered on September 17, 1993, the trial court made the following equitable distribution awards: (1) wife to receive fifty percent of husband's $1,987 monthly pension and husband to receive none of wife's pension; (2) net equity of $149,606 in marital residence to be divided equally; (3) wife to receive a monetary award from husband in the sum of $75,000, and husband can satisfy that award by conveying his interest in the marital residence to wife; (4) husband to remain liable upon the two debts secured by the deeds of trust upon the marital residence; (5) jointly owned motor vehicle in wife's possession valued at $4,000, husband to be credited with $2,000 of that value, and, thereafter, title to be in wife's name; and (6) wife's thrift savings account valued at $5,073.19 to be awarded to wife.

The decree further ordered husband to pay to wife as child support $685 per month and, in addition, $86 per month for therapy treatments being received by the minor child. Husband was further ordered to pay to wife $10,000 for attorney's fees, plus court reporter and commissioner costs of $632 and $450, respectively. The trial court reserved the issue of spousal support.

All monetary awards were made by imputing income to husband in the amount of $55,000 annually. When making awards based on income, the trial court is authorized to consider not only actual income but "earning capacity" as well. *Payne v. Payne,* 5 Va.App. 359, 363, 363 S.E.2d 428, 430 (1987). However, the award must be based upon circumstances as they exist at the time of the award. *Id.* *See also Jacobs v. Jacobs,* 219 Va. 993, 995, 254 S.E.2d 56, 58 (1979).

"An award 'premised upon the occurrence of an uncertain future circumstance ... ignores the design and defeats the purpose of the statutory scheme.'" *Payne,* 5 Va.App. at 363, 363 S.E.2d at 430 (quoting *Jacobs,* 219 Va. at 995–96, 254 S.E.2d at 58). Here, we cannot say that husband retired to avoid any obligation of support. Although husband's misconduct in years past may have contributed to his reduction in income by forcing his retirement, the latter action assured the availability of a monthly income of $1,987, even while he was incarcerated. The record before us discloses that husband had a pre-retirement "earning capacity" of $55,000 annually. Under the facts of this case, to impute income in that amount is to premise the awards upon the occurrence of an uncertain future circumstance, prohibited by *Jacobs* and *Payne.* The statutory scheme anticipates that awards will be made in light of contemporary circumstances. When justified, support awards may be redetermined in light of new circumstances. Thus, if upon release from his incarceration husband's income increased, judgment upon the then-existing circumstances may be made.

As to equitable distribution monetary awards, we have said:
Equitable distribution is predicated upon the philosophy that marriage represents an economic partnership requiring that upon dissolution each partner should receive a fair portion of the property accumulated during the marriage. Therefore, circumstances that affect the partnership's economic condition are factors that must be considered for purposes of our equitable distribution scheme. Circumstances that lead to the dissolution of the marriage but have

no effect upon marital property, its value, or otherwise are not relevant to determining a monetary award, need not be considered. A trial court need only consider those circumstances leading to the dissolution of the marriage, that are relevant to determining a monetary award in order to avoid an unreasonable result.

*Aster v. Gross,* 7 Va.App. 1, 5–6, 371 S.E.2d 833, 836 (1988) (citation omitted) (footnote omitted).

■ In reviewing the evidence in this record, we find that the only assets which husband possessed were a one-half interest in the marital residence, a motor vehicle, and his pension. Although the trial court declared that it had considered all of the factors contained in Code § 20–107.3, no explanation was given as to how the court arrived at the $75,000 monetary award, and the record contains nothing to support such a finding.

We will not simply assume, in every instance, that the trial court has followed this settled law in granting a monetary award, particularly when it appears that one or more factors is difficult to reconcile with the award or the award is inexplicable based on the facts, when we are required to review on appeal an issue arising under [Code § 20–107.3]. We must be able to determine from the record that the trial court has given substantive consideration to the evidence as it relates to the provisions of this Code section.

*Trivett v. Trivett,* 7 Va.App. 148, 153, 371 S.E.2d 560, 563 (1988). We cannot discern from this record the foundation for either imputing husband's pre-retirement income or the $75,-000 award.

The effect of the trial court's awards is that husband must give wife one half of his pension while he receives none of hers; that husband's $75,000 interest in the marital residence is taken away by an equal equitable distribution monetary award to wife; and that from one half of his $1,987 pension, he must pay child support of $685 and therapy costs of $86, leaving him a net of $222.50 per month to pay attorney's fees

of $10,000, commissioner's fee of $450, court reporter's fee of $632, and maintain an existence.

We find that the evidence contained in this record does not support the equitable distribution and other awards.

Accordingly, we affirm the trial court's classification of the property of the parties, but reverse the equitable distribution, support and fee awards, and remand this case for reconsideration of those awards consistent with this opinion.

*Affirmed in part, reversed in part, and remanded.*