COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Benton and
          Senior Judge Duff
Argued at Alexandria, Virginia


RHONDA S. McLAUGHLIN
                                    MEMORANDUM OPINION* BY
v.   Record No. 1167-99-4    CHIEF JUDGE JOHANNA L. FITZPATRICK
                                       FEBRUARY 8, 2000
DEAN G. McLAUGHLIN


              FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                      Henry E. Hudson, Judge

            Timothy S. Bird (Odin, Feldman & Pittleman,
            P.C., on brief), for appellant.

            (Dean G. McLaughlin, pro se, on brief.)


     In this domestic relations case, Rhonda S. McLaughlin

(wife) appeals the trial court's divorce decree and order

awarding equitable distribution of marital property.  She

contends that, contrary to the parties' agreement and the trial

court's previous ruling, the trial court erroneously valued the

marital property as of the date of the equitable distribution

hearing as opposed to the date of separation.  For the following

reasons, we reverse and remand.

     On appeal, we construe the evidence in the light most

favorable to husband, the prevailing party below, granting to

that evidence all reasonable inferences fairly deducible

---

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

therefrom.  See Donnell v. Donnell, 20 Va. App. 37, 39, 455

S.E.2d 256, 257 (1995) (citing McGuire v. McGuire, 10 Va. App.

248, 250, 391 S.E.2d 344, 346 (1990)).  According to a written

statement of facts endorsed by the trial court, Dean G.

McLaughlin (husband) expended approximately $45,500 after

October 10, 1997, the date of separation of the parties.  The

money was used "to pay mediation and attorneys fees, the

mortgage and improvement costs on the marital residence, and

. . . child support obligation."  Because wife alleged that

husband's use of the money constituted waste or dissipation of

marital assets and that he failed to supplement his discovery

responses, she filed a pretrial motion to change the valuation

date of the marital assets.  According to the written statement

of facts, the following occurred at the equitable distribution

hearing on December 8, 1998:

> 14.  [Wife] then moved the Court to change
> the date the Court valued the assets of the
> parties to the date the parties separated as
> opposed to the date of the hearing in this
> case.
>
> 15.  After hearing argument from both
> parties, the Court determined that good
> cause existed for the relief requested in
> the [wife's] Motion To Change Valuation
> Date, and as such the Court granted the
> [wife's] Motion.

Additionally, according to the statement of facts, at the

commencement of the hearing "[t]he parties agreed to equally

divide between them all of their assets as of the date of

-

separation, namely October 10, 1997." (Emphasis added). The trial court "accepted the agreement of the parties."

In its final decree of divorce, for reasons undisclosed in the stipulation of facts, the trial court valued the marital property as of December 8, 1998, the date of the hearing.[1] Because the record fails to indicate why the trial court used a different valuation date than that agreed to by the parties and previously ordered by the trial court, we reverse and remand for a proper determination. See Luczkovich v. Luczkovich, 26 Va. App. 702, 716, 496 S.E.2d 157, 163-64 (1998) (reversing valuation of marital property because the trial court, without explanation, used a different valuation date than the one previously ruled upon by the court).

                                    Reversed and remanded.

---

[1] For example, the trial court ordered the following: "[T]he parties shall equally divide the $56,492.46 representing the net proceeds received from the sale of the marital residence as of the date of the hearing in this cause; . . . ." (Emphasis added). The trial court also distributed various savings and retirement accounts with values as of the hearing date.