COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitzpatrick, Judges Bray and Annunziata
Argued at Alexandria, Virginia


BLAIR S. ARCHIBALD
                                        MEMORANDUM OPINION[*] BY
v.    Record No. 2754-99-4    CHIEF JUDGE JOHANNA L. FITZPATRICK
                                             JUNE 20, 2000
GEORGE H. ARCHIBALD


            FROM THE CIRCUIT COURT OF WARREN COUNTY
                   John E. Wetsel, Jr., Judge

          Peter W. Buchbauer (James J. McGuire;
          Lorena R. Smalls; Buchbauer & McGuire, P.C.,
          on briefs), for appellant.

          George H. Archibald, pro se.


     Blair S. Archibald (wife) appeals the entry of an order

modifying spousal support.  The trial court found no material

change in circumstances and denied George H. Archibald's

(husband) petition to terminate spousal support.  However, the

trial court ordered that the current spousal support "will be

suspended on June 1, 2001, which will be the last payment date,

until the entry of an order to the contrary."  For the following

reasons, we reverse and remand.

     _____
     [*] Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

I.

On appeal, we construe the evidence in the light most favorable to husband, the prevailing party below, granting to him all reasonable inferences fairly deducible therefrom. See Donnell v. Donnell, 20 Va. App. 37, 39, 455 S.E.2d 256, 257 (1995) (citing McGuire v. McGuire, 10 Va. App. 248, 250, 391 S.E.2 d 344, 346 (1990)). On November 16, 1998, the trial court entered a final decree of divorce and awarded wife spousal support in the amount of $300 per month. In July 1999, husband filed a motion to terminate spousal support, alleging that wife had completed a college nursing program and that she was capable of earning $16.28 per hour. At the ore tenus hearing, evidence established that wife had chosen to pursue a Master's Degree in Nursing, which required two additional years of study.[1] Upon her completion of that degree, wife would be able to earn between $50,000 and $85,000 annually.

In its order dated October 20, 1999, the trial court found that "a material change in circumstances has not been proven." (Emphasis in original). The trial court concluded:

> The [husband's] motion to presently terminate
> or reduce spousal support is DENIED.
> However, assuming that the [wife] remains in
> her course study for her master's degree and
> no material change in the parties'
> circumstances, the spousal support being paid
> to the [wife] by the [husband] will terminate

---

[1] The record contains a written statement of facts endorsed by the trial court.

on June 1, 2001, which will be the last
payment date.

Wife filed an objection to the trial court's order, alleging that the trial court was without jurisdiction to "fix an ending date in the future" because "rehabilitative spousal support is not an available option for cases originally filed before July 1, 1998."  Additionally, the final decree stated that spousal support "shall continue until the death of either party, the remarriage of the [wife], or an order of a court of competent jurisdiction upon a material change in circumstances." (Emphasis added).  The trial court then modified the October 20, 1999 order to include the following:

> However, assuming that the [wife] remains in her course study for her master's degree, which is both probable and reasonably foreseeable, and there is no material change in the parties' circumstances, the spousal support being paid to the [wife] by the [husband] will be suspended on June 1, 2001, which will be the last payment date, until the entry of an order to the contrary.

(Emphasis in original).

## II.

In a petition for modification of spousal support, before any change in the prior order is made, the burden is on the moving party to prove:  (1) a material change in circumstances; and (2) that the change in circumstances warrants modification of support. See Street v. Street, 24 Va. App. 2, 9, 480 S.E.2d 112, 116 (1997).  The material change "must bear upon the financial needs

of the dependent spouse or the ability of the supporting spouse to pay."  Id. at 9, 480 S.E.2d at 116 (citations omitted).  The court "must look to current circumstances and what the circumstances will be 'within the immediate or reasonably foreseeable future.'"  Srinivasan v. Srinivasan, 10 Va. App. 728, 735, 396 S.E.2d 675, 679 (1990) (citation omitted).

In the instant case, the trial court found that husband failed to prove a material change in circumstances warranting a termination or reduction in spousal support.  At this juncture, because the first prong of the test was not met, nothing further remained for the trial court to do.  Thus, the trial court erred in modifying the earlier order.  Accordingly, the decision is reversed and remanded for entry of an order consistent with this opinion.

                                        Reversed and remanded.