COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Fitzpatrick, Judges Frank and Clements


BRIAN GAY

                                                    MEMORANDUM OPINION[*]
v.        Record No. 1539-03-1                             PER CURIAM
                                                        JANUARY 20, 2004
LAURA ANN GAY


           FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                           A. Bonwill Shockley, Judge

           (Brian Gay; The B & G Law Group, P.C.; Gay, Cipriano &
           Arrington, P.C., on briefs), for appellant.

           (Jeffrey D. Tarkington; Sheera R. Herrell; Hofheimer/Ferrebee, P.C.,
           on brief), for appellee.


        Brian Gay (husband) appeals from the trial court's final decree of divorce.  On appeal,

husband contends the trial court erred in awarding spousal support to Laura A. Gay (wife) and in

ordering husband to pay $5,000 of wife's attorney's fees.  Upon reviewing the record and briefs of

the parties, we conclude that this appeal is without merit.  Accordingly, we summarily affirm the

decision of the trial court.  Rule 5A:27.[1]

                                      Background

        "On appeal, we construe the evidence in the light most favorable to wife, the prevailing

party below, granting to her evidence all reasonable inferences fairly deducible therefrom."

Donnell v. Donnell, 20 Va. App. 37, 39, 455 S.E.2d 256, 257 (1995) (citing McGuire v.

McGuire, 10 Va. App. 248, 250, 391 S.E.2d 344, 346 (1990)).

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] Husband has moved for leave to file the appeal bond required by Code § 8.01-676.1.
We grant that motion.  We deny wife's motion to dismiss the appeal.

The trial court referred this matter to a commissioner in chancery. Following an evidentiary hearing, the commissioner issued a report. In the report, the commissioner found that wife, who is certified as a dental assistant, is underemployed. The commissioner imputed income to wife at the rate of $9 per hour, or $1,560 per month. The commissioner also found that husband, who holds J.D. and M.B.A. degrees, receives $5,000 per month from his law practice. The commissioner found that husband should pay wife $500 per month in spousal support and should pay $5,000 of her attorney's fees.

Husband excepted to the commissioner's findings regarding spousal support and attorney's fees. Following a hearing, the trial court overruled husband's exceptions to these findings.

Analysis

A. Spousal Support

"'Whether and how much spousal support will be awarded is a matter of discretion for the trial court.'" Northcutt v. Northcutt, 39 Va. App. 192, 196, 571 S.E.2d 912, 914 (2002) (quoting Barker v. Barker, 27 Va. App. 519, 527, 500 S.E.2d 240, 244 (1998)). On appeal, a trial court's decision on spousal support will not be reversed "'unless there has been a clear abuse of discretion.'" Id. (quoting Moreno v. Moreno, 24 Va. App. 190, 194-95, 440 S.E.2d 792, 794 (1997)).

Husband contends the trial court erred in making the spousal support award because (1) wife did not show a need for spousal support, (2) husband's monthly income is not $5,000, and (3) wife has been "willfully unemployed" for six years.

1. Need

"In awarding spousal support, the chancellor must consider the relative needs and abilities of the parties. He is guided by the . . . factors that are set forth in Code § 20-107.1. When the chancellor has given due consideration to these factors, his determination will not be

disturbed on appeal except for clear abuse of discretion." Collier v. Collier, 2 Va. App. 125, 129, 341 S.E.2d 827, 829 (1986).

Husband argues that "[t]he evidence presented at the commissioner's hearing clearly showed that the Wife's needs were adequately covered by Husband's military retirement awarded to Wife, the child support award to Wife and the imputation of income to Wife made by the commissioner." Even if we accept husband's argument, wife's need was but one factor for the trial court to consider in making the spousal support determination. Other factors include the "financial resources of the parties," Code § 20-107.1(E)(1), "[t]he standard of living established during the marriage," Code § 20-107.1(E)(2), "[t]he duration of the marriage," Code § 20-107.1(E)(3), "[t]he contributions, monetary and nonmonetary, of each party to the well-being of the family," Code § 20-107.3(E)(6), "[t]he earning capacity . . . of the parties," Code § 20-107.3(E)(9), "[t]he decisions regarding employment, career, economics, education and parenting arrangements made by the parties during the marriage and their effect on present and future earning potential, including the length of time one or both of the parties have been absent from the job market," Code § 20-107.3(E)(11), and "[t]he extent to which either party has contributed to the attainment of education, training, career position or profession of the other party," Code § 20-107.3(E)(12).

Most, if not all, of these additional factors weigh in wife's favor. The parties were married for fifteen years, four months. During husband's military career, the parties experienced seven deployments and separations. They moved five times. During this time, wife provided nonmonetary contributions to the marriage by maintaining the home and caring for the parties' two children. Moreover, two support guideline tables, regularly used by courts in this Commonwealth and which were admitted into evidence at the commissioner's hearing, calculate wife's spousal support at more the $500. Considering the statutory factors and the evidence, we

cannot say the trial court abused its discretion in ordering husband to pay monthly spousal support in the amount of $500.

## 2. Husband's Income

Husband complains that the evidence does not support the trial court's finding that he earns $5,000 per month from his law practice. "[B]ecause the trial court heard the evidence *ore tenus,* we are bound by its findings of fact, unless plainly wrong or without evidence to support them." Yamada v. McLeod, 243 Va. 426, 430, 416 S.E.2d 222, 224 (1992).

Husband began practicing law in February 2002. Although the first few months of his practice were lean ones, the evidence showed that by months six and seven he was averaging over $5,000 per month in gross income. "[I]n setting support awards, a court 'must look to current circumstances and what the circumstances will be within the immediate or reasonably foreseeable future.'" Furr v. Furr, 13 Va. App. 479, 482, 413 S.E.2d 72, 74 (1992) (citing Srinivasan v. Srinivasan, 10 Va. App. 728, 735, 396 S.E.2d 675, 679 (1990)) (other citations omitted). In light of husband's proven earnings at the time of the commissioner's hearing, we cannot say that the factual finding concerning husband's income from his law practice was plainly wrong or without evidence to support it.

## 3. Wife's Unemployment or Underemployment

Husband alleges that the trial court erroneously awarded spousal support to wife when she "was willfully unemployed." However, husband makes no further statement or argument in support of this allegation. "Statements unsupported by argument, authority, or citations to the record do not merit appellate consideration. We will not search the record for errors in order to interpret appellant's contention and correct deficiencies in a brief." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). Moreover, the commissioner and the trial court recognized that wife was underemployed and imputed income to her at the rate of $9 per hour.

The trial court took this figure into account in arriving at its spousal support decision. Husband has not demonstrated that the trial court erred.

## B. Attorney's Fees

The commissioner found that wife incurred $9,547.19 in attorney's fees and costs. He ordered husband to pay $5,000 of this sum. The trial court upheld the commissioner's finding and determination. "An award of attorney's fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion." Richardson v. Richardson, 30 Va. App. 341, 351, 516 S.E.2d 726, 731 (1999). "The key to a proper award of fees is 'reasonableness under all of the circumstances revealed by the record.'" Ragsdale v. Ragsdale, 30 Va. App. 283, 297, 516 S.E.2d 698, 705 (1999) (quoting Westbrook v. Westbrook, 5 Va. App. 446, 458, 364 S.E.2d 523, 530 (1988)).

Considering the length of the proceedings, the number of issues in dispute, wife's success on most of those issues, and the difference in the parties' earnings and earning capacity, we cannot say that the trial court abused its discretion in awarding wife $5,000 in fees.

Wife has moved for an award of attorney's fees incurred in conjunction with this appeal. Upon consideration of the entire record in this case, we hold that wife is entitled to a reasonable amount of attorney's fees and costs, and we remand for the trial court to set a reasonable award of costs and counsel fees incurred in this appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996).

Affirmed and remanded.