COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Clements and Haley


ROBERT E. SODERSTROM

                                                    MEMORANDUM OPINION*
v.        Record No. 2423-05-4                           PER CURIAM
                                                         APRIL 4, 2006
EILLEEN MALONEY


              FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
                            LeRoy F. Millette, Jr., Judge

              (Robert F. Soderstrom, *pro se*, on briefs).

              (Kirk A. Wilder, on brief), for appellee.


        Robert E. Soderstrom appeals the trial court's decision modifying Eileen Maloney's award

of spousal support.  Soderstrom contends the trial court abused its discretion by modifying rather

than terminating the award.  Upon reviewing the record and briefs of the parties, we conclude that

this appeal is without merit.  Accordingly, we summarily affirm the decision of the trial court.

See Rule 5A:27

                                      I.  BACKGROUND

        "On appeal, we construe the evidence in the light most favorable to [Maloney], the

prevailing party below, granting to [her] evidence all reasonable inferences fairly deducible

therefrom."  Donnell v. Donnell, 20 Va. App. 37, 39, 455 S.E.2d 256, 257 (1995).

        The parties married on November 4, 1960 and were divorced by final decree dated

February 6, 1998.  The final decree awarded Maloney spousal support in the amount of $2,000

per month.  On April 11, 2005, Soderstrom filed a motion to terminate or reduce his support

---

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

obligation to Maloney, alleging a material change in circumstances due to a reduction in his income as a result of his retirement from the United States Department of Agriculture.

Following an April 22, 2005 hearing on Soderstrom's motion, the trial court, in a May 13, 2005 opinion letter, incorporated by reference into the trial court's July 8, 2005 amended order, specifically outlined its reasons for lowering the spousal support award from $2,000 to $750 per month.[1] The trial court stated that it considered all the factors contained in Code § 20-107.1(E) and specifically addressed the most significant factors that it relied upon in rendering its decision.

The trial court placed great weight upon the first factor regarding the obligations, needs, and financial resources of the parties. The trial court noted that when the trial court entered the original spousal support award, in 1998, the court anticipated that Maloney would earn some income. However, the evidence showed that as of 2005, except for $500 she earned in 2000, Maloney's sole sources of support consisted of the spousal support payment and assistance from her children. Her income and expense statement admitted as an exhibit showed she had current income of $2,826 from her share of Soderstrom's retirement. The trial judge noted that statement revealed a monthly deficit, such that Maloney had forgone dental care and was not always able to pay for doctor's visits.[2] The trial court indicated that between August and November 2004, Maloney was also required to withdraw approximately $20,000 from her own retirement savings, leaving only about $21,000 in her 401K. Conversely, Soderstrom's

---

[1] Soderstrom failed to timely file a transcript of the hearing or a written statement of facts. However, we find the trial judge's opinion letter and the various exhibits, pleadings, and documents contained in the record provide a sufficient basis upon which to consider the question presented on appeal.

[2] The record also shows that appellant had not been paying spousal support as ordered. The trial court found appellant in contempt of court for non-payment of spousal support by order dated June 9, 2005.

401K had grown to $98,000. Soderstrom's income and expense statement, which were admitted as an exhibit, showed that while his income decreased upon retirement, he still retained the ability to assist Maloney with her monthly deficit. The trial court noted Soderstrom has the ability to contribute to Maloney's need without the assistance of his new wife, who also receives a retirement income and who shares in the benefits of their home, utilities, and other amenities.

The second significant factor considered by the trial court was the standard of living established during the marriage. The trial court indicated the evidence showed that Soderstrom continues to enjoy a standard of living comparable to that enjoyed during the marriage, noting that he recently sold a home and is purchasing a new home for his retirement years. Whereas, Maloney, who was forced to file bankruptcy shortly after the divorce to discharge debt, lives in a rental home in a much less expensive area. Maloney drives an older car with no car payment but higher repair bills, while Soderstrom drives a much newer car with a substantial car payment. The trial court indicated that Maloney budgets nothing for clothing, furnishings, entertainment or vacations due to lack of funds, while Soderstrom budgets many thousands of dollars for those items.[3]

The third factor the trial court considered and relied upon was the duration of the parties' thirty-four-year marriage.

The fourth factor considered by the trial court was the age and physical and mental condition of the parties. The trial court noted that Soderstrom is sixty-three years old and is

---

[3] We note that Soderstrom's monthly income and expense statement showed he budgeted $1,837.18 for furniture/furnishings, $50 for gifts, $85.07 for entertainment, $2,635.34 for vacations, $85 for hobbies, and $676 for a car payment/depreciation. That statement showed total net income for Soderstrom of $3,953.51, after payment of a portion of his retirement benefits to Maloney. If the expenses listed above are not considered, Soderstrom would have a monthly surplus of $2,170.95 [$3,953.51 (total net income) minus ($7,151.15 (total claimed expenses excluding charge account debt) minus $5,368.59 (expenses excluded)], before making any spousal support payment. Soderstrom's income and expense statement also showed that he had $4,465.48 in cash/checking/savings.

apparently physically and mentally able. On the other hand, Maloney is sixty-one and continues to suffer from physical and mental or emotional problems, which have prevented her from obtaining substantial gainful employment for almost ten years.

Based upon all these factors, the trial court determined that $750 was the appropriate spousal support at this time.

## II. ANALYSIS

Code § 20-109 provides that "[u]pon [the] petition of either party the court may increase, decrease, or terminate . . . spousal support and maintenance . . . as the circumstances may make proper." "The party moving for a modification of support payments must prove 'both a material change in circumstances and that this change warrants a modification of support.'" Furr v. Furr, 13 Va. App. 479, 481, 413 S.E.2d 72, 73 (1992) (quoting Schoenwetter v. Schoenwetter, 8 Va. App. 601, 605, 383 S.E.2d 28, 30 (1989)). Here, it is undisputed that Soderstrom proved a material change in circumstances, that being his retirement, which caused a decrease in his income, and in Maloney's receipt of a portion of those retirement benefits.

"The determination whether a spouse is entitled to support, and if so how much, is a matter within the discretion of the court and will not be disturbed on appeal unless it is clear that some injustice has been done." Dukelow v. Dukelow, 2 Va. App. 21, 27, 341 S.E.2d 208, 211 (1986). Moreover, "'[w]here, as here, the court hears the evidence *ore tenus*, its finding is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it.'" Pommerenke v. Pommerenke, 7 Va. App. 241, 244, 372 S.E.2d 630, 631 (1988) (quoting Martin v. Pittsylvania County Dep't of Soc. Servs., 3 Va. App. 15, 20, 348 S.E.2d 13, 16 (1986)).

The trial court considered the evidence and the relevant statutory factors in finding that the material change of circumstances warranted a modification in spousal support from $2,000 to

$750 per month, rather than a termination of spousal support. The record contains credible evidence supporting that decision. Thus, we cannot say that the trial court abused its discretion in so ruling.

Accordingly, we summarily affirm the trial court's decision.

<u>Affirmed.</u>