COURT OF APPEALS OF VIRGINIA

Present:    Judges Humphreys, Beales and Senior Judge Fitzpatrick

TIMOTHY G. BROOKER

MEMORANDUM OPINION*

v.       Record No. 2445-06-1                    PER CURIAM
                                                 JULY 10, 2007

JUDI E. BROOKER


FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Christopher W. Hutton, Judge

(Kevin P. Shea; Charles E. Haden, on brief), for appellant.

(Joseph W. Hood, Jr.; Shannon Dee Lemm, on brief), for appellee.


Timothy G. Brooker, husband, appeals from the trial court's final decree granting Judi E.

Brooker, wife, a divorce.  On appeal, husband contends the trial court erred by:  (1) considering

evidence of an alleged affair that was irrelevant to the equitable distribution and spousal support

awards; (2) employing the equitable distribution statute to punish him economically; (3) granting

wife a spousal support award of $1,000 per month; and (4) ordering him to pay wife's attorney's

fees.  In addition, wife moves for an award of attorney's fees and costs incurred on this appeal.

Upon reviewing the record and briefs, we conclude that this appeal is without merit.  Accordingly,

we summarily affirm the decision of the trial court.  See Rule 5A:27.  We remand for the trial court

to enter an award of appellate attorney's fees and costs to wife.

Background

"On appeal, we construe the evidence in the light most favorable to wife, the prevailing

party below, granting to her evidence all reasonable inferences fairly deducible therefrom."  Donnell

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

v. Donnell, 20 Va. App. 37, 39, 455 S.E.2d 256, 257 (1995) (citing McGuire v. McGuire, 10 Va. App. 248, 250, 391 S.E.2d 344, 346 (1990)).

The parties married in 1982 and separated in 2003. They had five children during the marriage, one of whom was a minor at the time of the entry of the final decree of divorce.

The trial court held a hearing on spousal support and equitable distribution issues on June 15, 2006. The parties presented evidence showing that, during the last ten years of the marriage, their relationship began to decline. Wife had worked and provided monetary support for the family until 1998. Wife began to experience depression and anxiety and was hospitalized for the treatment of depression on several occasions. Wife testified that husband's controlling conduct toward her and his repeated threats to take the children away from her contributed to her emotional issues. She also stated that husband was controlling the family's finances and she suspected husband of having an affair in 1991. Wife's psychotherapist testified that wife suffered psychological abuse from husband.

A vocational counselor testified that wife was currently "not ready" for employment based upon her emotional and psychological issues. Wife's psychotherapist also testified that wife could not enter the work force "in the immediate future."

At the time of the hearing, husband was paying wife $150 per month in *pendente lite* spousal support and she was receiving $875 per month in social security disability benefits. During the separation, wife received $25,000 from husband for her interest in the former marital home. She testified she had spent most of that money on living expenses, repayment of loans, and a used car, and she had $2,000 of that money remaining. At some point after the separation, wife received a lump sum social security award, but she could not recall the amount of that award. Wife testified she found it difficult to live on $1,025 per month and she requested spousal support in part so that

she could move from a small one-bedroom apartment to a two-bedroom apartment and have overnight visitation with her son.

Husband worked during the marriage, and he completed a nursing degree in 1998. At the time of the hearing, he earned about $5,100 per month. He testified he has $1,550 in outstanding medical bills, and he receives $241 per month from wife's social security disability payment for their son. Husband owns two boats and makes a monthly payment for one of them. In addition, he pays monthly boat slip rental fees for each boat. Husband testified he was supportive of wife during her struggles with emotional matters.

In its final decree of divorce entered on August 25, 2006, the trial court stated "it is absolutely certain that [husband]'s actions over the past ten years or more have exacerbated [wife's emotional] problems." The court also found that husband had "taken advantage of [wife]'s fragile condition to his financial and economic advantage." The trial court ordered husband to pay wife monthly spousal support of $1,000. The court also awarded husband the two boats and wife a dining room table, yet further decreed that, with exception of those awards, "the parties are hereby denied equitable distribution." The trial court ordered husband to pay wife's attorney's fees in the amount of $7,174.

## Analysis

### I.

Husband argues the trial court improperly considered evidence of an alleged affair in making the equitable distribution and spousal support awards.

Code §§ 20-107.1(E) and 20-107.3(E)(5) require a trial court to consider "the circumstances and factors which contributed to the dissolution of the marriage" in determining equitable distribution and spousal support. See also Cousins v. Cousins, 5 Va. App. 156, 158-59, 360 S.E.2d

882, 884 (1987) (finding trial court properly considered evidence of husband's adultery when making an award, even though divorce was not awarded on those grounds).

As part of her explanation as to why the marriage began to unravel, wife testified she only suspected "something was going on" when her husband studied with an unmarried woman during nursing school. Pursuant to Code §§ 20-107.1(E) and 20-107.3(E)(5), the trial court did not err in admitting this evidence and considering it when making the equitable distribution and spousal support awards.

## II.

Husband contends the trial court improperly used the equitable distribution statute to "punish" him economically. The trial court awarded husband the two boats and awarded wife a dining room table. The court specifically declined to make any further equitable distribution award. Nothing in the trial court's rulings indicates an intent to punish husband. Furthermore, "[a] decision regarding equitable distribution . . . will not be reversed unless it is plainly wrong or without evidence to support it." Rahbaran v. Rahbaran, 26 Va. App. 195, 205, 494 S.E.2d 135, 139 (1997). On this record, we cannot say the trial court abused its discretion.

## III.

Husband argues the trial court erred by awarding wife $1,000 per month in spousal support.

"In awarding spousal support, the [trial court] must consider the relative needs and abilities of the parties. [The trial court] is guided by the . . . factors that are set forth in Code § 20-107.1." Joynes v. Payne, 36 Va. App. 401, 419, 551 S.E.2d 10, 19 (2001). "'In fixing the amount of the spousal support award, . . . the court's ruling will not be disturbed on appeal unless there has been a clear abuse of discretion. We will reverse the trial court only when its decision is plainly wrong or without evidence to support it.'" Moreno v. Moreno, 24 Va. App. 190, 194-95, 480 S.E.2d 792, 794 (1997) (quoting Gamble v. Gamble, 14 Va. App. 558, 574, 421 S.E.2d 635, 644 (1992)).

"The amount of temporary support is not a factor under Code § 20-107.1 that the [trial court] must consider when determining the appropriate amount of spousal support." Holmes v. Holmes, 7 Va. App. 472, 484, 375 S.E.2d 387, 394 (1988). Furthermore, as stated above, the trial court may consider the circumstances and factors which contributed to the dissolution of the marriage when awarding spousal support. Code § 20-107.1(E).

Based on the evidence presented, the trial court found that wife has "a dire need for spousal support" and husband has "an ability to pay it." Indeed, the evidence showed husband's monthly income is more than $5,000, whereas wife's monthly income is $875, without the *pendente lite* support. In addition, evidence was presented that wife is unable to resume employment at this time and that husband's conduct during the marriage contributed to wife's emotional and financial challenges and the dissolution of the marriage. Thus, the evidence established a foundation supporting the trial court's award of spousal support, and the trial court did not abuse its discretion in making the award.

## IV.

Husband argues the trial court erred by awarding wife attorney's fees. An award of attorney's fees is a matter within the sound discretion of the trial court and is reviewable on appeal only for an abuse of discretion. See Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987). "The key to a proper award of counsel fees is reasonableness under all the circumstances." Joynes, 36 Va. App. at 429, 551 S.E.2d at 24. Upon review of this record, we cannot say that the trial court abused its discretion in awarding wife attorney's fees.

## V.

Finally, wife has moved for an award of attorney's fees and costs incurred during this appeal. Upon a review of the record in its entirety, we find an award is appropriate and grant the

request for her attorney's fees and costs. We remand the case to the trial court to fix a reasonable award. O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996).

Accordingly, we affirm but remand for an award to wife of attorney's fees and costs on appeal.

Affirmed and remanded.