COURT OF APPEALS OF VIRGINIA

Present:    Chief Judge Felton, Judge Haley and Senior Judge Coleman


REGINA GAYLE ROMAN, F/K/A
  REGINA GAYLE PRICE

                                                          MEMORANDUM OPINION[*]
v.       Record No. 1177-08-3                                    PER CURIAM
                                                               NOVEMBER 12, 2008
VINCENT J. PRICE


              FROM THE CIRCUIT COURT OF MONTGOMERY COUNTY
                            Ray W. Grubbs, Judge

              (Mary Beth Long; VA Family Law, PLC, on brief), for appellant.

              (H. Gregory Campbell, Jr.; Bettye Ackerman, on brief), for appellee.


       Regina Gayle Roman, wife, appeals from the circuit court's final order confirming the

commissioner's report.  She argues on appeal that the trial court erred in:  (A) confirming the

report of the commissioner in chancery; (B) failing to consider her testimony on the tax assessed

value of the marital real estate; and (C) failing to take judicial notice of the county assessment.

Upon reviewing the record and the briefs of the parties, we conclude that this appeal is without

merit.  Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

                                      BACKGROUND

       "On appeal, we construe the evidence in the light most favorable to [husband], the

prevailing party below, granting to [her] evidence all reasonable inferences fairly deducible

therefrom."  Donnell v. Donnell, 20 Va. App. 37, 39, 455 S.E.2d 256, 257 (1995).

       On December 22, 2005, the trial court entered a final divorce decree, in which it deferred

the equitable division of property until a later time.  On January 19, 2007, the trial court referred

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

the matter to a commissioner in chancery and directed her to determine issues of equitable distribution, spousal support, and attorney's fees.

Wife received notice on November 1, 2007 that the commissioner's hearing would take place in husband's attorney's office on December 11, 2007. At that hearing, husband presented a detailed May 2006 appraisal report valuing the marital real estate at $165,000. Wife objected, claiming the appraisal amount "is less than the tax value." Wife asserted that she has "had to go to the county and fix the property value where [husband] went and, you know, got it reduced and everything." The commissioner acknowledged wife's disagreement with the figure in the report, but admitted the appraisal into evidence. Later during the hearing, wife testified that "the tax value alone [on the property] is $226,000." The commissioner stated she would "check on that." After asserting that the tax value on the property to be $226,000, wife indicated she "had one of those," however, she failed to explain what item she was referring to or make it a part of the record.

On February 5, 2008, the commissioner filed her report. In it, she indicated, "Since neither party proposed a different valuation date, the date of the Commissioner's Hearing shall be deemed the date of valuation of the property." The commissioner included the following as to valuation:

> The only competent evidence of valuation of the real estate that was offered was the appraisal dated May 29, 2006 by David A. Epperly, which valued the real estate and all improvements thereon at $165,000.00. It is the finding of the Commissioner that this is the fair market value of the improved real estate.

On February 19, 2008, more than ten days after the report was filed and mailed, wife filed objections to the commissioner's report, one of which stated:

> Commissioner of Chancery, Harriett Dorsey, allowed a settlement using an old expired appraisal that my ex-husband possessed, which is less than what the county assesses the fair market value at. My ex-husband's appraisal was $165,000 well over a year old.

The county's fair market assessment values presently states $226,300.

On April 17, 2008, the trial court entered the following order:

Came this day the Plaintiff, Vincent J. Price, by counsel, and Regina Price Roman upon proper notice to Defendant, Regina Gayle Price (Roman), and requested that the Report of the Commissioner in Chancery be affirmed in total.
Whereupon, the court noting that the Report was filed on February 5, 2008, and that ten (10) days for filing exceptions has expired and no exceptions were filed, the court approves and confirms the Report in total and orders the parties to comply with its terms.

Wife did not sign the order, and the record contains no evidence or transcript from that hearing.

On May 6, 2008, wife filed a motion asking the trial court to reconsider and vacate its April 17, 2008 order. In it, wife contended, *inter alia,* the commissioner erred in ruling that the only competent evidence of the valuation of the real estate was husband's proffered appraisal. She stated in her motion that she "intend[s] to present fraudulent statements and evidence and will be able to prove all that I have stated above, and numerous other issues that were not taken into account."

On May 7, 2008, the trial court denied the order. Wife's attorney signed the order under the phrase, "Objected to," without elaboration. The record on appeal contains no transcript or signed statement of facts to show what took place at the hearing on the motion to reconsider. Therefore, there is no record of what evidence, if any, was proffered, what arguments were made, and how the trial court ruled on each argument on the motion to reconsider.

ERROR CONFIRMING COMMISSIONER'S VALUATION OF HOUSE

Wife argues the trial court abused its discretion because it adopted a report in which the commissioner "ignored evidence introduced at trial." Wife claims the commissioner made a "factual error regarding the value of the marital real estate" and asserts her testimony about the

tax value was competent evidence. Wife stated that she "enclosed with her letter a copy of the then-current tax assessment for the real estate."[1]

The record demonstrates that wife testified that the current tax value of the house was $226,000. Therefore, the commissioner had evidence from two sources: husband's detailed appraisal of $165,000 prepared eighteen months before the commissioner's hearing and wife's undocumented avowal that the current tax value was $226,000. The commissioner accepted the detailed, written appraisal and rejected wife's avowal of the taxed value, finding her evidence not competent or sufficient to justify the valuation proposed by wife.

"Fashioning an equitable distribution award lies within the sound discretion of the trial judge and that award will not be set aside unless it is plainly wrong or without evidence to support it." Srinivasan v. Srinivasan, 10 Va. App. 728, 732, 396 S.E.2d 675, 678 (1990). Where a trial court refers matters in an equitable distribution proceeding to a commissioner in chancery to receive and consider the evidence, and to make a report to the trial court with her recommendations based on her findings, we give "great weight" to the factual findings of the commissioner approved by the trial court. Cooper v. Cooper, 249 Va. 511, 518, 457 S.E.2d 88, 92 (1995). We will not reverse such findings on appeal unless they are plainly wrong, without credible evidence in the record to support them. Barker v. Barker, 27 Va. App. 519, 531, 500 S.E.2d 240, 246 (1998); Taylor v. Taylor, 5 Va. App. 436, 444, 364 S.E.2d 244, 249 (1988).

As part of her argument on this issue, wife also contends that husband failed to timely file a pleading pursuant to Code § 20-107.3(A), "seeking to have a value adopted in place of a trial-date value." "The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484,

---

[1] The record on appeal contains no documentation regarding the assessed tax value of the property.

488 (1998).  See Rule 5A:18.  Wife never raised this issue at trial.  Accordingly, Rule 5A:18 bars our consideration of this question on appeal.

ERROR IN FAILING TO CONSIDER WIFE'S TESTIMONY OF VALUE

Wife argues the commissioner and trial court erred in refusing to consider her opinion as to the property's tax assessment value and they also erred "in not considering the more contemporaneous tax assessment value which [wife] introduced orally and attempted to introduce in written form."[2]

Wife claims the commissioner erred in finding her avowal of the property's tax assessment was not competent evidence.  She references Black's Law Dictionary definition of competent evidence which defines competent evidence as "admissible evidence."  Actually, Black's includes the term "competent evidence," but it does not define it.  Instead, it directs the reader to see one of two alternative subjects, "admissible evidence" and "relevant evidence."  Black's Law Dictionary 596 (8th ed. 2004).  It defines "relevant evidence" as "probative and material" evidence "offered to prove or disprove a matter in issue," and notes that "relevant evidence" is "also termed *competent evidence*."  Id. at 599.  Husband's evidence of the property's value was supported by documentary evidence, whereas wife failed to document her avowal of the tax assessment.  Thus, although wife's testimony was admissible, the commissioner deemed it insufficiently probative or material on the issue of value.

Here, the commissioner and the trial court accepted husband's detailed appraisal as properly reflecting the property's value and rejected wife's unsupported avowal of the tax assessment value.  "It is well established that the trier of fact ascertains [witnesses'] credibility,

---

[2] Contrary to wife's assertion, the record fails to show she submitted any documentation or that it was rejected.  At the hearing, wife told the commissioner, "I have one of those, if you want it," and the commissioner responded, "Well, I will check on it at the courthouse."  Nothing in the record showed that wife requested a document be made a part of the record or that the commissioner refused to make it a part of the record.

determines the weight to be given their testimony, and has the discretion to accept or reject any of the [witnesses'] testimony[, whether in whole or in part]." Street v. Street, 25 Va. App. 380, 387, 488 S.E.2d 665, 668 (1997) (*en banc*).

Credible evidence supports the trial court's decision regarding the valuation of the property.

ERROR NOT TO TAKE JUDICIAL NOTICE

Initially, we disagree with wife's representation in the portion of her brief where she claimed that the commissioner "rejected [her] proffer of a copy of the assessment." Our review of the record fails to show that wife proffered any such document or that the commissioner refused a proffer. Notwithstanding that flaw, the record fails to show wife preserved this issue below.

"The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree, 26 Va. App. at 308, 494 S.E.2d at 488. See Rule 5A:18. Accordingly, Rule 5A:18 bars our consideration of this question on appeal.

ATTORNEY'S FEES AND COSTS ON APPEAL

Wife requests that she be awarded attorney's fees and costs incurred in prosecuting this appeal. Husband argues wife is not entitled to fees and costs because her assignments of error were not supported by the law. Husband also requests that he be awarded attorney's fees and costs because "the trial court was correct in confirming the report."[3] We decline to award appellate attorney's fees to either party. See Petry v. Petry, 41 Va. App. 782, 796 n.7, 589

---

[3] Husband's argument as to why he should be awarded attorney's fees and costs appears to be missing the beginning of his argument. Husband concluded his argument that wife should not be awarded fees and costs at the end of page 8 of his brief. Page 9 of his brief, where he ostensibly intended to begin his argument as to why he should be awarded fees, begins with an incomplete sentence.

S.E.2d 458, 465 n.7 (2003); <u>O'Loughlin v. O'Loughlin</u>, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996).

For the reasons stated, we summarily affirm the decision of the trial court.  <u>See</u> Rule 5A:27.

<u>Affirmed</u>.